**Creola WHEELER, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–2494.**

United States District Court, D. New Jersey.

April 28, 1985.

Jeffrey G. Paster, West Orange, N.J., for plaintiff.

Mary G. Courtney, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

### OPINION

STERN, District Judge.

This matter was opened to the Court by Jeffrey G. Paster, plaintiff's counsel, seeking an award of attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). The Secretary of Health and Human Services (Secretary) does not object to an award of fees, only to the amount. For the reasons following, we find that Mr. Paster is entitled to the full sum requested.

### FACTS

On January 24, 1984, this Court reversed the earlier decision of the Secretary, which denied plaintiff Title II Social Security disability benefits, and remanded to the Secretary solely for a computation and payment of benefits on plaintiff's behalf. While Mr.

Paster's firm was successfully representing plaintiff on her disability claim, plaintiff's means decreased. So, on the law firm's recommendation, she applied also for Supplemental Security Income (SSI). *See* Pltf's Letter-Brief of Feb. 19, 1985 at 1. Apparently, when this Court in January directed payment of disability benefits, the Social Security Administration (SSA) concurrently, or soon thereafter, awarded plaintiff SSI benefits as well.

Subsequently, plaintiff was notified that her retroactive disability benefits for November 1982 through May 1984 amounted to $7,184.00, but that this sum would be reduced by $3,045.02 "because you received Supplemental Security Income payments for 05/83 through 06/84." *Id.* at Exh. B. (We note immediately that this statement was not entirely accurate since plaintiff had not actually received SSI payments during those months.) Moreover, the SSA noted that it was withholding $813.47, a sum allegedly representing the maximum 25 percent available from her retroactive benefits as payment for attorney's fees. *Id.* Quick arithmetic shows that the SSA computed the 25 percent after reducing her retroactive Title II benefits by part of her retroactive SSI award. By this device, the potential fee available to plaintiff's counsel shrank from 25 percent of $7,184.00, or $1,796.00, to $813.47.

Plaintiff's counsel objects to this procedure, arguing that where SSI is awarded concurrently or subsequently to an award of disability benefits, and both are computed for retroactive periods, the SSI award should not reduce the amount available for attorney's fees under 42 U.S.C. § 406. The Secretary counters that the language of the Social Security Act and the regulations restrict fees to 25 percent of past-due disability benefits "as reduced under 42 U.S.C. § 1320 by the amount of SSI pay-

ments received by plaintiff for the period in which she was entitled to retroactive Social Security benefits." Def's Brief at 4.

## DISCUSSION

The question is whether the Secretary may properly apply 42 U.S.C. § 1320 to reduce an award of retroactive Title II disability benefits, for purposes of computing attorney's fees under 42 U.S.C. § 406(b), when SSI benefits are awarded concurrently with, or subsequently to the disability payments. Section 406(b) of Title 42 of the United States Code was enacted, in part, to ensure adequate representation of Social Security claimants. *See, e.g., Reid v. Heckler*, 735 F.2d 757, 760–61 (3d Cir.1984); *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir.1975); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.), *cert. denied*, 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970). It provides that the court

> may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of past-due benefits to which the claimant is entitled by reason of such judgment and the Secretary may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits.

42 U.S.C. § 406(b).

Section 1320a–6 of Title 42 directs the SSA to reduce retroactive Social Security disability payments if the individual also received SSI for the same period. The amount of the offset is the amount of SSI which would not have been paid if the individual had received the Title II benefits when they were due, instead of retroactively. *See* 42 U.S.C. § 1320a–6 (amended 1984).[1] If this offset also operates to re-

---

1. This section was amended recently by Public Law 98–369. However, the substitute provision does not apply to reductions of retroactive Social Security benefits or SSI payable, as here, prior to the seventh month following enactment (July 1984). *See* Deficit Reduction Act of 1984, Pub.L. 98–369, § 2615(b), 42 U.S.C. § 1320a–6 (1984). We of course do not decide the effect of

the amendments on our decision today, except to note that the new provision similarly makes no reference to reducing attorney's fees under section 406(b); furthermore, the amendment appears specifically to contemplate a reduction of *SSI* where an individual is a dual beneficiary. *See Id.;* H.Conf.Rep. No. 98–861, 98th Cong.,

duce the base amount for calculating attorney's fees under section 406(b), then it would severely undercut the purpose of that provision to encourage legal representation of Social Security claimants. We do not think that this was an intended or a necessary effect of section 1320a–6.

The explicitly stated intent of section 1320a–6 was to recover windfalls from those who had over-collected SSI benefits in light of a subsequent retroactive award of Title II disability benefits. *See* H.Conf. Rep. No. 96–944, 96th Cong., 2nd Sess. 69, *reprinted in* 1980 U.S.Code Cong. & Ad. News, 1277, 1416; S.Rep. No. 96–408, 96th Cong. 2nd Sess. 78, *reprinted in* 1980 U.S. Code Cong. & Ad.News 1277, 1356. Congress sought to remedy a specific problem created by individuals who were dual beneficiaries of payments under both the SSI and disability programs. To emphasize this point it is worth reprinting a passage from the legislative history of section 1320a–6:

> Present law.—A substantial proportion of SSI recipients are also eligible for benefits of old-age, survivors, and disability insurance program under title II of the Social Security Act. The proportion of dual eligibility can be expected to increase in the future since many of those who are now ineligible for title II benefits are simply so old that their period of work history occurred prior to the time that social security coverage was available....

> Though the two programs are administered by the same agency, it can sometimes happen that an individual's first check under one program will be delayed. If the SSI check is delayed, retroactive entitlement takes into account the amount of income the individual had from social security. However, if the title II check is delayed, a windfall to the individual can occur since it is not possible to retroactively reduce his SSI benefit beyond the beginning of the current quarter.

> .   .   .   .   .   .

2nd Sess. 1391 (1984), *reprinted in* 1984 U.S.

> Committee bill.—Under the committee provision the statute would be amended to provide that an individual's entitlement under the two titles shall be considered as a totality so that payment under either program shall be deemed to be a payment under the other if that is subsequently found to be appropriate. Thus, if payment under title II is delayed so that a higher payment is made under title XVI, the adjustment made in the case of any individual will only be the net difference in total payment.

*Id.* Quite clearly, then, Congress intended to repair a glitch in the payment mechanism of the two systems which arose when eligibility for Title II benefits was determined after SSI benefits had already been paid.

Section 1320a–6 was enacted after section 406(b). Yet Congress nowhere stated or implied that section 1320a–6, designed to stop windfall benefits to claimants, was to serve double duty as a procedure for reducing the amount available for attorney's fees under 42 U.S.C. § 406(b). *See Burnett v. Secretary of Health and Human Services,* 563 F.Supp. 789 (W.D.Ark.1983).

The Secretary argues that section 1320a–6 is imported into the attorney's fee provision by the use, in section 406(b), of the term "past-due benefits." This phrase is defined at 20 C.F.R. § 404.1703 as follows:

> "Past-due benefits" means the total amount of benefits payable under title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made.

She argues, apparently, that the entire amount of a claimant's retroactive Social Security benefits are not "payable" where they must first be reduced by the over-payment of SSI under section 1320a–6. Whatever the merits of this reasoning may be for cases in which SSI was actually re-

ceived during the applicable retroactive period, it is not persuasive where, as here, SSI is also awarded retroactively.[2]

If SSI is awarded concurrently with, or subsequently to an award of disability benefits, there is no language in the Act or regulations which directs that the Secretary should compute and pay SSI benefits first, thereby artificially reducing the amount "payable" as "past-due" disability. This procedure has the effect of reducing the amount of benefits available for attorney's fees under section 406(b)—an effect which we found above was unintended by the drafters of section 1320a–6.

The preamble to the final regulations implementing section 1320a–6 is not to the contrary. There, the Secretary stated that:

> The amount payable is the amount of retroactive benefits less the amount of any deductions, reductions, or overpayments applicable to the retroactive period. Thus, the amount of retroactive benefits payable for purposes of withholding an attorney's fee is the amount of retroactive Social Security benefits reduced by the amount of any SSI payments *received* in the retroactive period.

20 C.F.R. § 404.408(b), preamble, 47 Red. Reg. 4986 (February 3, 1982) (emphasis added). One court has found this language inapplicable because the Secretary was addressing a question concerning fees authorized by the Secretary for administrative awards of benefits under section 406(a). *See Burnett*, 563 F.Supp. at 793. By contrast, we are here concerned with court-authorized fees under section 406(b). Even if the Secretary intended her comments to cover court-awarded fees, however, they would not apply to this case where SSI benefits were not *received* during the retroactive period.

Thus we find that where SSI benefits are awarded concurrently with, or subsequently to Social Security disability and computed

for a retroactive period, the Secretary should compute and pay Title II disability benefits before Title XVI SSI benefits so as not to artificially and inappropriately penalize attorneys who apply for fees under section 406(b). This result conflicts neither with section 1320a–6, nor the regulations promulgated thereunder. Moreover it best preserves the congressional intent of section 406(b) to encourage lawyers to represent Social Security claimants. *See Carlisi v. Secretary of Health & Human Services*, 583 F.Supp. 135 (E.D.Mich.1984). In the present case, then, the Court finds that plaintiff's attorney is entitled to a reasonable attorney's fee of $1,796.00, representing 25 percent of plaintiff's total past-due Social Security benefits.

---

**2.** The Secretary cites *Cloyd v. Weinberger*, 527 F.2d 1167 (6th Cir.1975), a case which is apparently inapposite for the same reason. That is, there is no indication in the opinion that the workman's compensation benefits involved were awarded retroactively. Moreover, reduction of disability on account of workman's compensation is governed by 42 U.S.C. § 424a, a provision not at issue in this case.