**Silvio SEPULVEDA, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES OF the UNITED STATES, Defendant.**

**No. 83 Civ. 4382.**

United States District Court,
E.D. New York.

Oct. 18, 1985.

Simon, Newman & Brook, Forest Hills, N.Y., for plaintiff.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Following a remand by this Court, the plaintiff in this case was determined to be disabled, and therefore eligible to receive both Title II and Supplementary Income ("SSI") benefits. As a result of this determination, plaintiff is also entitled to retroactive benefits dating from the onset of his disability in 1981. In accordance with 42 U.S.C. § 406(b)(1) (1982),[1] plaintiff's attorney moves for an order directing the Secretary of Health and Human Services (the "Secretary") to withhold 25% of plaintiff's retroactive Title II benefits in order that some or all of these funds will be available to be awarded as attorney's fees. The Secretary opposes this motion, contending that plaintiff's attorney is entitled to receive 25% of the amount of Title II benefits plaintiff will receive as diminished by the operation of 42 U.S.C. § 1320a–6(a).[2] Because adopting the Secretary's view would contravene the purpose of § 406, and because there is no evidence that Congress intended such a result in enacting § 1320a–6, the motion will be granted.

In *Gallo v. Heckler*, 600 F.Supp. 1513 (E.D.N.Y.1985), this Court found that in determining "the actual amount of money to be paid to the plaintiff," retroactive SSI benefits should be calculated before retroactive Title II benefits. 600 F.Supp. at 1518. The Court made clear that such a formula served the purpose of § 1320a–6

1. 42 U.S.C. 406(b)(1) provides:

(b)(1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

2. 42 U.S.C. 1320a–6(a) provides:

(a) Notwithstanding any other provision of this chapter, in any case where an individual—

(1) is entitled to benefits under subchapter II of this chapter that were not paid in the months in which they were regularly due; and

(2) is an individual or eligible spouse eligible for supplemental security income benefits for one or more months in which the benefits referred to in clause (1) were regularly due, then any benefits under subchapter II of this chapter that were regularly due in such month or months, or supplemental security income benefits for such month or months, which are due but have not been paid to such individual or eligible spouse shall be reduced by an amount equal to so much of the supplemental security income benefits, whether or not paid retroactively, as would not have been paid or would not be paid with respect to such individual or spouse if he had received such benefits under subchapter II of this chapter in the month or months in which they were regularly due.

Section 1320a–6(a) is applicable to this case because plaintiff was the recipient of public assistance from the City of New York Department of Social Services. *See* 42 U.S.C. § 1320a–6(b).

by avoiding a windfall of benefits to the plaintiff. The Court also made clear that the calculation of attorney's fees was "not a concern" in the case before it. *Id.* at 1518 & n. 8. Now faced with the question left open in *Gallo*, this Court finds that § 1320a–6 should not be considered in calculating the amount of attorney's fees available under § 406. *Accord, Wheeler v. Heckler,* 607 F.Supp. 646 (D.N.J.1985); *Motley v. Heckler,* 605 F.Supp. 88 (W.D.Va. 1985); *Carlisi v. Secretary of Health and Human Services,* 583 F.Supp. 135 (E.D. Mich.1984).

This result is in accord with the language and purpose of both statutes. Section 1320a–6 makes no mention of attorney's fees. Its purpose, to prevent windfalls to claimants, is in no way advanced by reducing the amount of attorney's fees otherwise available under § 406. On the other hand, § 406 states explicitly that an attorney is entitled to up to "25 percent of *the total of the past due benefits* to which the claimant is entitled." (Emphasis added.) The purpose of § 406, to encourage the effective representation of social security claimants *would* be undercut by applying § 1320a–6 to reduce attorney's fees. Moreover, adopting the government's position attributes to Congress an arbitrariness that is in no way supportable. There is simply no reason why a lawyer who represents a client who has received state assistance or who is entitled to SSI benefits as well as Title II benefits, should receive less compensation, for the same amount of work,[3] than he or she would receive were the client entitled only to Title II benefits.

For the reasons stated above, the Secretary of Health and Human Services is directed to withhold 25 percent of plaintiff's retroactive Title II benefits, undiminished by the operation of § 1320a–6, for the purpose of awarding attorney's fees on proper application by plaintiff's attorney.

---

**3.** The definition of disability for Title II and SSI purposes is identical. *See* 42 U.S.C.

§§ 423(d)(1)(A), 1382c(a)(3)(A).