**Stanley KUGLER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. 83 CV 3098.**

United States District Court, E.D. New York.

Oct. 14, 1986.

Simon, Newman & Brook by Barry Simon, Forest Hills, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Thomas P. Battistoni, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The issue in this case is whether the limit on attorneys' fees under 42 U.S.C. § 406 in Social Security cases is based on the amount of retroactive disability benefits before or after the deduction under 42 U.S.C. § 1320a–6 for Supplemental Security Income benefits previously paid.

On November 2, 1985, the Secretary of Health and Human Services (the "Secretary") awarded the plaintiff retroactive Supplemental Security Income ("SSI") benefits, under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381–83c, covering the period June 1982 through November 1985. In January 1986, the Secretary awarded the plaintiff, and his wife and children as auxiliary beneficiaries, a total of $36,912 in retroactive disability benefits, under Title II of the Act, 42 U.S.C. §§ 401–33, covering the period from September 1982 to December 1985.

SSI benefits are based, in part, on the needs of the claimant, and thus depend upon the claimant's income. 42 U.S.C. § 1382(a) & (c)(1). *See Wheeler v. Heckler,* 787 F.2d 101, 103 (3d Cir.1986). For the purposes of calculating SSI payments, disability insurance benefits are considered income in the months in which they are

received. *See Cuthbert v. Secretary, Department of Health & Human Services,* 784 F.2d 1157, 1159 (4th Cir.1985). Thus, when a retroactive disability award covers the same period for which a claimant received SSI benefits, the claimant could potentially receive a windfall because the SSI payments were not originally calculated in light of the disability payments that should have been received. *See* S. Rep. No. 408, 96th Cong. ,2d Sess. 78, reprinted in 1980 U.S. Code Cong. & Ad. News 1277, 1356. To prevent such a windfall, the Secretary reduces retroactive disability awards by the difference between the amount of SSI benefits the claimant actually received and the amount he would have received if the disability benefits had been timely paid. 42 U.S.C. § 1320a–6. In the present case, plaintiff's retroactive disability award covered a period for which he had already received SSI benefits. Therefore, the Secretary applied the section 1320a–6 offset procedure and reduced the retroactive disability award to $28,083.28.

The Social Security Act permits an attorney who represents a prevailing disability claimant in court or before the Social Security Administration to recover a fee of up to 25% of the benefits due his client. 42 U.S.C. § 406. The Secretary is authorized to withhold 25% of "past due benefits" to pay the attorney. 42 U.S.C. § 406(a). That is, the attorney's fee comes directly out of the benefits payable to the claimant.

The Secretary has defined the term "past due benefits" for purposes of section 406 as "the total amount of benefits payable under Title II of the Act to all beneficiaries that has accumulated because of favorable administrative or judicial determination or decision." 20 C.F.R. § 404.1703. The Secretary interprets the "amount payable" as "the amount of retroactive benefits less the amount of any deductions applicable." 47 Fed.Reg. 4985, 4986 (1982). Therefore, the Secretary calculates attorneys' fees under

section 406 *after* offsetting prior SSI benefits under section 1320a–6. In the present case, plaintiff's attorney claims fees of $9,144.60, representing 25% of the total Title II disability benefits awarded the plaintiff and dependent members of his family. The Secretary applied the offset procedures of 42 U.S.C. § 1320a–6 first, however, and withheld only $6,937.50. Plaintiff's attorney claims that applying the offset procedure before calculating attorney's fees violates 42 U.S.C. § 406.[1]

Since Congress "has entrusted the primary responsibility of interpreting a statutory term to the Secretary rather than to the Courts," the Secretary's implementation and interpretation of the term "past due benefits" deserves great deference. *Detson v. Schweiker,* 788 F.2d 372, 375 (6th Cir.1986), quoting *Herweg v. Ray,* 455 U.S. 265, 275, 102 S.Ct. 1059, 1066, 71 L.Ed.2d 137 (1982). Therefore, the Secretary's interpretation will not be disturbed unless it is arbitrary and capricious and exceeds the Secretary's statutory authority. *Wheeler v. Heckler,* 787 F.2d 101, 104 (3d Cir.1986).

Section 406 serves a dual purpose. First, it encourages lawyers to represent Social Security claimants by providing a procedure for ensuring payment for services; *see Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 261 (1970). Second, by capping fees at 25% of past-due benefits, it ensures that the attorney's fee will not consume the disability award. *See Burnett v. Heckler,* 756 F.2d 621, 625 (8th Cir.1985). The Secretary's implementation of the statute is consistent with that goal. If attorneys' fees were based on the gross amount, the fee could represent a substantial portion of the payment the claimant actually receives. *See Cloyd v. Weinberger,* 527 F.2d 1167 (6th Cir.1976) (reversing district court's award based on gross benefits, which *exceeded* the claimant's past-due benefits);

---

1. The amount that the plaintiff's attorney claims as the proper maximum fee is slightly less than 25% of $36,912 and the amount the Secretary withheld is slightly less than 25% of $28,083.28. The Secretary calculates the 25% cap based on an award figure that is less than the actual award by the amount of one month's benefit, *i.e.,* if the claimant is entitled to 40 months of past-due benefits, the cap on fees is calculated based on 39 months of benefits.

*see* also *Burnett,* 756 F.2d at 625–26. Furthermore, the amount offset under section 1320a–6 represents money the claimant would have received anyway, as SSI benefits, even if the attorney's efforts failed to obtain Title II disability benefits for the claimant. Applying the offset before calculating fees prevents the attorney from receiving more than 25% of what the attorney's efforts obtained for the claimant.

Other courts have noted that calculating fees after offset for SSI benefits might reduce the incentive for attorneys to represent Social Security claimants. Given the deference owed to the Secretary, however, it is up to Congress, not the courts, to address the lawyers' dissatisfaction with the Secretary's approach. *See, e.g., Detson,* 788 F.2d at 376. Furthermore, although the Second Circuit has not addressed the issue yet, Circuit Courts that have addressed it generally approve of the Secretary's approach. *See Wheeler v. Heckler,* 787 F.2d 101, 108 (3d Cir.1986); *Detson v. Schweiker,* 788 F.2d 372, 375 (6th Cir.1986); *Cuthbert v. Secretary,* 784 F.2d 1157, 1160 (4th Cir.1985); *Burnett v. Heckler,* 756 F.2d 621, 625 (8th Cir.1985).

The plaintiff's attorney relies on an unpublished case in our own district, *Sepulveda v. Secretary of the Department of Health and Human Services,* 647 F.Supp. 197 (E.D.N.Y.1985). In that case, Judge I. Leo Glasser emphasized the goal of encouraging legal representation of claimants, reasoning that section 1320a–6 does not mention attorneys' fees and that withholding fees based on gross disability benefits, before the offset, would not further the goal of preventing windfalls to claimants. Judge Glasser appears to have ignored the other purpose in the compromise embodied in section 406, that of ensuring that claimants' benefits would not be consumed by attorneys' fees. My learned colleague in *Sepulveda* did not, in my opinion, give proper deference to the Secretary's interpretation of the interaction between section 406 and section 1320a–6. Furthermore, two of the three lower court cases relied upon in *Sepulveda* have since been rejected in their circuits. *Wheeler v.*

*Heckler,* 607 F.Supp. 646 (D.N.J.), *rev'd,* 787 F.2d 101 (3d Cir.1986); *Carlisi v. Secretary of the Department of Health and Human Services,* 583 F.Supp. 135 (E.D. Mich.), *overruled, Detson v. Schweiker,* 788 F.2d 372, 376 (6th Cir.1986).

The Secretary may not apply one section of the Act in a vacuum, separate from the other sections, but rather must construe and implement all sections of that complex remedial statute together. Sections 406 and 1320a–6 require the Secretary to reconcile the conflicting policies of encouraging legal representation of claimants, maximizing the amount of an award that actually reaches the claimants' hands and preventing double-recovery windfalls resulting from retroactive awards of disability benefits. The Secretary's practice of withholding fees based on net benefits protects claimants' benefits, prevents windfalls to claimants, and does minimal damage to the goal of encouraging legal representation. Such balancing is the duty of the Secretary, and it is difficult to see how the Secretary has abused his duty by calculating the withholding of attorneys' fees based on past-due benefits payable to the claimant after offset under section 1320a–6.

■ Accordingly, we hold that the Secretary's interpretation of "past due benefits" and implementation of section 406 in connection with section 1320a–6 is reasonable and within the Secretary's statutory authority. The maximum fee the plaintiff's attorney may seek is $6,937.50. Since the Social Security Administration was the place of final determination, and since the district court may not award fees for work done at the administrative level, *O'Grady v. Heckler,* 629 F.Supp. 1186, 1189 (E.D.N. Y.1986), *Burgo v. Harris,* 527 F.Supp. 1157, 1158 (E.D.N.Y.1981), this case is remanded to the Secretary for the calculation of reasonable attorney's fees.

SO ORDERED.