Karen CARLISI, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 81–74180.

United States District Court,
E.D. Michigan, S.D.

Feb. 15, 1984.

David Cuttner, Troy, Mich., for plaintiff.

Ellen Christensen, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

David Cuttner (Cuttner), attorney for plaintiff, a social security claimant for disability and Supplemental Security Income (SSI) benefits, is seeking an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

### I.

On September 21, 1982, this court granted summary judgment in plaintiff's favor and the case was remanded to the Secretary for a computation of benefits. After the United States Attorney's Office in Detroit told him plaintiff's retroactive disability benefits came to $6,514.70, Cuttner petitioned this court for $1,613.88 in attorney's fees under the authority of 42 U.S.C. § 406(b) which provides:

(b)(1) Whenever a court renders a judgment favorable to claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may ... certify the amount of such fee for payment to such attorney out of ... the amount of such past-due benefits.

When the Secretary did not object, and after finding the amount reasonable, the court granted Cuttner's petition on February 28, 1983. On July 28, 1983, the Secretary filed a motion for reconsideration, arguing a mistake had been made in the accrued benefit figure verbally provided to Cuttner, which figure had formed the basis of the attorney's fee award. The Secretary stated that the retroactive disability award had been reduced from $6,514.70 to $614.68 in accordance with 42 U.S.C. § 1320a–6 "since plaintiff had been a recipient of supplemental security income payments."

42 U.S.C. § 1320a–6 provides:

*Adjustment of retroactive benefits under subchapter II on account of supplemental security income benefits*

Notwithstanding any other provision of this chapter, in any case where an individual—

(1) makes application for benefits under subchapter II of this chapter and is subsequently determined to be entitled to those benefits, and

(2) was an individual with respect to whom supplemental security income benefits were paid under subchapter XVI of this chapter (including State supplementary payments which were made under an agreement pursuant to section 1382e(a) of this title or an administration agreement under section 212 of Public Law 93–66) for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),

the benefits (described in paragraph (1)) which are otherwise retroactively payable to such individual for months in the period described in paragraph (2) shall be

reduced by an amount equal to so much of such supplemental security income benefits (including State supplementary payments) described in paragraph (2) for such month or months as would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively; and from the amount of such reduction the Secretary shall reimburse the State on behalf of which such supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the period involved exceeded the expenditures which the State would have made (for such period) if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.

Cuttner responded with some amazement and claimed plaintiff had not been a recipient of SSI benefits prior to this case. He did not, however, challenge the authority of § 1320a–6 as applied to this case, perhaps not fully comprehending what had transpired. Accepting the representation that plaintiff had been the recipient of SSI benefits, and finding the award for past due disability benefits had been properly reduced, the court granted the Secretary's motion for modification of the award on September 14, 1983. Cuttner's attorney's fee was accordingly reduced to $153.67, 25% of the adjusted accrued disability benefit figure.

The September 14 order noted that a schedule of the payments of the SSI benefits was not furnished to the court. In fact, a complete explanation of the facts and the procedures followed by the Social Security Administration (SSA) only emerged after Congressman William J. Broomfield's office, at the behest of Cuttner, contacted the SSA to inquire what exactly had happened with plaintiff's benefits. Only after Cuttner received a response from the SSA on November 8, 1983, did it finally became clear what had transpired.

Contrary to the statements in the Secretary's briefs,[1] plaintiff did not receive SSI benefits during any month prior to the granting of summary judgment in her favor. Rather, during some of those months she received general assistance payments from the State of Michigan. When this case was remanded on September 21, 1982, the Secretary first determined plaintiff was entitled to disability benefits and then determined plaintiff was also eligible for SSI benefits. The SSI benefits were computed; the Secretary determined plaintiff was entitled to $6,527.52 in retroactive benefits. Rather than sending that amount to plaintiff the Secretary sent a check for $6,596.72[2] to the State of Michigan to reimburse it for the general assistance payments made to plaintiff. This procedure was pursuant to 42 U.S.C. § 1383(g)(1) which provides:

> [T]he Secretary may, upon written authorization by an individual, withhold benefits due with respect to that individual and may pay to a State ... from the benefits withheld an amount sufficient to reimburse the State ... for interim assistance furnished on behalf of the individual by the State.[3]

Only after computing and paying the accrued SSI benefits did the Secretary calculate the accrued disability benefits due plaintiff, finding she was due $6,513.20 for the period from May 1979 through September 1982. However, since plaintiff's SSI

---

1. The Secretary's mistatements do not appear to have been purposeful, but did create confusion as to the actual facts.

2. This amount includes not only the $6,527.52 plaintiff was due in retroactive SSI benefits, but also $69.24 plaintiff was to receive in SSI benefits from February to April 1983.

3. This provision applies only to SSI benefits.

benefits had already been paid, that figure was reduced by $5,151.23 pursuant to 42 U.S.C. § 1320a–6, leaving a gross retroactive award of $1,361.97. By this procedure, the portion set aside to pay for attorney's fees was reduced to $340.49.[4]

## II.

The question is whether the Secretary may properly apply § 1320a–6 to reduce an award of retroactive disability benefits when disability and SSI benefits are awarded concurrently. This procedure reduces the amount available for attorney's fees under 42 U.S.C. § 406 and therefore contravenes one of the purposes underlying that statute, which was enacted in part to encourage lawyers to represent social security claimants. See *Dawson v. Finch,* 425 F.2d 1192 (5th Cir.1970); *Davis v. Secretary of Health, Education and Welfare,* 320 F.Supp. 1293 (N.D.Miss.1970). When disability and SSI benefits are concurrently awarded the Secretary could just as easily first compute and pay the accrued disability benefits, withholding 25% of that award for attorney's fees, and then compute the accrued SSI benefits taking into account the retroactive disability benefits paid to the claimant.[5]

Section 1320a–6 need not conflict with the purposes of § 406(b). § 1320a–6 was enacted to assure that claimants entitled to both SSI and disability benefits would not receive a windfall because they had been receiving SSI benefits when a retroactive disability award was made. S.Rep. No. 408, 96th Cong., 2d Sess. 78, *reprinted in* 1980 U.S.Code Cong. & Ad.News 1277, 1356. The statute specifically provides for adjusting retroactive disability benefits when an individual "was an individual with respect to whom supplemental security income benefits *were paid*" during any month in which the individual is found to have been entitled to disability benefits. (emphasis added) The statute does not apply to plaintiff since she was not paid SSI benefits during any month in which she was retroactively found to have been entitled to disability benefits.

■ *Burnett v. Secretary of Health and Human Services,* 563 F.Supp. 789 (W.D. Ark.1983), holds that when disability and SSI benefits are concurrently awarded and computed for retroactive periods, the Secretary is obligated to compute and pay disability benefits before computing and paying SSI benefits in order to properly determine a claimants attorney's fee. In arriving at this conclusion the court reasoned

> [I]n cases where the Court eventually awards a fee to claimant's counsel, a procedure which artifically reduces the amount of benefits available from which to make such an award represents a strong disincentive for lawyers to represent Social Security claimants. This cannot have been Congress' purpose in enacting [§ 1320a–6]. That section was intended to recover windfalls from those who had overcollected [SSI] benefits ... not to penalize attorneys.

563 F.Supp. at 793. I find this reasoning persuasive.[6]

## III.

### A.

■ While the court believes Cuttner's attorney's fees were wrongfully reduced,

---

**4.** Apparently the Secretary conceded she was mistaken in the figures presented to the court in her motion for reconsideration filed July 28, 1983 when she claimed Cuttner was only entitled to $153.67 in attorney's fees.

**5.** This method is preferable because the statutes governing SSI benefits do not allow for withholding any amount for attorney's fees. Only if disability benefits are computed and paid first will there be a withholding from the accrued disability benefit figure to pay attorney's fees.

**6.** It makes no difference that a claimant received general assistance from a state during the interim period. 42 U.S.C. § 1383(g)(1) does not obligate the Secretary to pay retroactive SSI benefits in a lump sum to a state. 20 C.F.R. § 416.525 provides that the Secretary may withhold SSI benefits due a claimant and pay them to a state which provided interim assistance. The Secretary could have paid plaintiff her retroactive disability benefits first, and then paid back the State of Michigan in the long term rather than all at once. It was not necessary to follow the procedure which artificially reduced Cuttner's attorney's fee.

his petition for attorney's fees under the EAJA is fatally flawed. First, Cuttner asks for attorney's fees in his own name whereas the EAJA limits an award to a prevailing party, which does not include attorneys. *Oguachuba v. INS*, 706 F.2d 93, 97 (2d Cir.1983). Second, the EAJA provides that petitions for attorney's fees must be submitted within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Cuttner filed his petition over a year after the final judgment in this case. Finally, Cuttner fails to allege the Secretary's position was not substantially justified as required by § 2412(d)(1)(B).[7]

**B.**

However, I treat Cuttner's petition as a motion for relief from judgment under Fed. R.Civ.P. 60(b). While Cuttner's petition is cast in the mold of a petition for attorney's fees under the EAJA, his arguments in his letter of November 2, 1983, are more relevant to a Rule 60(b)(1) motion for relief due to mistake.

Relief from judgment under Rule 60(b) is extraordinary relief which requires a fine balancing between the need for finality in judgments and the prevention of injustice. *Meadows v. Cohen*, 409 F.2d 750, 752 (5th Cir.1969). When the circumstances are appropriate Rule 60(b) should be applied to "accomplish justice". *Klapprott v. United States*, 335 U.S. 601, 605, 615, 69 S.Ct. 384, 385, 390, 93 L.Ed. 266 (1949). One of the grounds for granting relief from judgment is "mistake". Mistake under Rule 60(b) is not confined to mistakes of the moving party, but may be the mistake or neglect of others, including the opposing party. *Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 104 (4th Cir.1979). Here I find relief from judgment is appropriate since the full facts were not previously before me. The Secretary consistently misconstrued the facts in

stating plaintiff had been a recipient of SSI benefits during months prior to the judgment granting benefits to plaintiff. Though the misconstruction appears inadvertent, it confused the actual facts. With the full facts now available for the first time, it is apparent the Secretary improperly applied § 1320a–6 to artificially reduce Cuttner's attorney's fees.

Construing Cuttner's petition as a Rule 60(b) motion, I find it is timely since it was filed less than one month after judgment was entered reducing Cuttner's attorney's fees to $153.67. See *Steinhoff v. Harris*, 698 F.2d 270 (6th Cir.1983). Due to the mistake in the court's understanding of the facts, Cuttner is entitled to relief from the September 14, 1983 order awarding him attorney's fees of $153.67. See *Allen v. Clinchfield Railroad Company*, 325 F.Supp. 1305 (E.D.Tenn.1971). Accordingly the September 14, 1983 order is VACATED and the order of February 28, 1983, granting attorney's fees in the amount of $1,613.88, is REINSTATED.

SO ORDERED.

---

**7.** Neither did Cuttner provide the court with any basis to determine if plaintiff's net worth was less than $1 million as required by 28 U.S.C. § 2412(d)(2)(B). That error is not fatal since I could have taken judicial notice that plaintiff, as a recipient of general assistance from the state and disability and SSI benefits from the federal government, must have a net worth of less than $1 million.