Charles H. **CUTHBERT, Jr.,** Appellant,

v.

**SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,** Appellee.

No. 84–1841.

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1985.

Decided Nov. 29, 1985.

Charles H. Cuthbert, Jr., Petersburg, Va., pro se.

Christine R. Whittaker (William Kanter, Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before CHAPMAN and SNEEDEN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

PER CURIAM:

The plaintiff, a lawyer, successfully represented before the Social Security Administration a claimant of disability insurance benefits under Title II and Supplemental Security Income under Title XVI. Complaining that the fee certified to be paid to him out of accrued disability insurance benefits was erroneously computed, he brought this action for a declaratory judgment and injunctive relief. The district court dismissed the action for lack of jurisdiction.

I.

On behalf of his client, Ms. Hauser, the plaintiff obtained an administrative determination that she was disabled and due $12,941.60 in past due disability insurance benefits under Title II, and accrued Supplemental Security Income payments, the exact amount of which is undisclosed on this record. SSI payments are computed in part on the basis of need, however, and disability insurance benefits, as workmen's compensation benefits, are treated as income in the months in which they are received for purposes of computing the amount of SSI payments. It was determined that the accrued SSI payments would have been $5,348.10 less if Ms. Hauser had received the Title II benefits in the months in which they were due. That amount was deducted from the accrued Title II benefits to determine that the net amount to be paid to Ms. Hauser under Title II was $7,227.50. A fee of 25% of the net amount, rather than 25% of the gross amount, was certified to be paid to the plaintiff as his fee. He claims, of course, that it should have been calculated on the gross amount.

II.

There is no judicial review of an administrative determination that a certain amount of money is a reasonable fee for services in the administrative proceeding. *See Thomason v. Schweiker,* 692 F.2d 333, 335–36 (4th Cir.1982). That, however, is not the plaintiff's complaint. His contention is that under the statute, when the SSI benefits are to be retroactively paid at or about the same time that accrued disability insurance benefits are to be retroactively paid, the statute does not permit the administrator to apply the SSI offset statute before computing the lawyer's fee. In effect, his claim is that the computation of his fee was unauthorized by the statute; hence, there is federal question jurisdiction under 28 U.S.C.A. § 1331.

III.

If there were a substantial, or even a colorable, claim that the computation of

the certified fee was in violation of an act of Congress, we might well conclude that there was federal court jurisdiction to require the Administrator to conform his conduct to the congressional command, but there is no such colorable claim in this case.

As we have seen, computation of the SSI payments under Title XVI is dependent in part upon current receipt of disability insurance benefits in the same month. There is no provision, however, for diminution of the amount of SSI benefits to be paid retroactively by reason of the receipt of retroactive disability insurance benefits in a month or months after the months during which the SSI payments accrued. Receipt of both, however, would obviously result in a windfall to the recipient and a partial double recovery. The Congress took care of the matter by enactment of 42 U.S.C.A. § 1320a–6. That section read at the time of the decision in the district court that if "an individual with respect to whom SSI benefits were paid under subchapter XVI" should be determined to be entitled to retroactive payment of benefits under subchapter II, there should be deducted from the accrued subchapter II benefits an amount determined by calculating the excess of the SSI benefits over the SSI benefits that would have been payable if the subchapter II benefits had been paid monthly in the months in which they were due. The plaintiff here contends that his client was not an individual with respect to whom SSI benefits "were paid" under subchapter XVI, since such benefits were paid only as a result of the administrative proceeding.

Section 1320a–6 was amended by § 2615(a) of the Deficit Reduction Act of 1984, 98 Stat. 1132, to make it explicitly clear that the section applies to one "eligible" for SSI benefits. That had been the administrative interpretation all along, *see Burnett v. Heckler*, 756 F.2d 621 (8th Cir. 1985). It is the correct and proper interpretation of the earlier version of the statute. By enactment of the windfall offset provision, the Congress demonstrated its intention to prevent fortuitous double recoveries. It would make no sense to give the earlier version of the statute a strained construction that would comport with the congressional intention only if the SSI benefits had been paid and received by the beneficiary in the months during which they accrued. The earlier version of the statute is properly read to require the windfall offset in every instance in which, otherwise, retroactive payment of Title II benefits would be partially duplicative of SSI benefits to one on whose behalf SSI benefits had been paid or were payable.

■ The Congress conceivably might have authorized the Secretary, in an appropriate case, to avoid duplicative payments when SSI benefits were to be paid retroactively by reducing the amount of those payments. It did not do so. The sole authority of the Secretary is to make the adjustment by a reduction of the disability insurance benefits payable. In doing so in this case, the Secretary did as the statute commanded.

■ Under 42 U.S.C.A. § 406(a), when the Secretary determines that a claimant is entitled to benefits under Title II and the claimant was represented by an attorney, the Secretary may fix a reasonable fee to be paid to the lawyer for his services. In making that determination of a reasonable fee to be paid, in whole or in part, directly by the client to the lawyer, the Secretary is not limited to a proportion of accrued disability benefits to be paid retroactively. If the claimant is entitled to past due benefits, however, that section directs the Secretary to certify for direct payment to the lawyer out of such past due benefits an amount that may not exceed "25 per centum of the total amount of such past-due benefits." By regulation, "past due benefits" means "the total amount of benefits payable under Title II . . . ." 20 C.F.R. § 404.1703. This is a sensible reading of the statute, since the direct payment to the lawyer is to be made out of funds otherwise payable to the client.

■ We may not invalidate a regulation of the Secretary unless we should determine that it is in excess of the statutory

authorization or that it is arbitrary and capricious. *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). Clearly this regulation is neither.

### IV.

■ Finally, the plaintiff had a written fee agreement with his client. The fee was to be 25% of the amount of accrued benefits "recovered." The ALJ and the Secretary construed the language of the contract to mean the same thing as accrued benefits payable, so that the statute and the contract are in harmony. Thus, under the contract, the plaintiff was not entitled to a greater fee than that certified for direct payment.

### V.

Since there is no substance in the claim that the Secretary was flaunting a congressional command, we conclude that the district court properly dismissed the complaint for lack of jurisdiction.

AFFIRMED.