William J. DETSON, Plaintiff-Appellee,

v.

Richard SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellant.

No. 85–1275.

United States Court of Appeals, Sixth Circuit.

Argued March 3, 1986.

Decided April 17, 1986.

Patricia G. Reeves, Asst. U.S. Atty., Detroit, Mich., and Larry K. Banks, argued, Office of Gen. Counsel, Dept. of Health & Human Svcs., Social Sec. Admin., Baltimore, Md., for defendant-appellant.

Lisa Wenger, argued, Detroit, Mich., for plaintiff-appellee.

Before ENGEL, KENNEDY and CONTIE, Circuit Judges.

CONTIE, Circuit Judge.

The Secretary of Health and Human Services (Secretary) appeals from a district court judgment awarding attorney's fees pursuant to 42 U.S.C. § 406(b)(1) to the attorney who successfully represented a claimant seeking retroactive Title II disability benefits and Title XVI Supplemental Security Income (SSI) benefits. The Secretary claims that the district court erred in computing the amount of attorney's fees by failing to apply the SSI windfall offset provided by 42 U.S.C. § 1320a–6. For the reasons that follow, we reverse the judgment of the district court.

I.

On March 28, 1980, William Detson filed claims for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. § 401 *et seq.*, and for SSI benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The Secretary denied those claims, finding that Detson was not disabled. Detson sought review before the district court and on September 20, 1983,

the court found that Detson was disabled, thereby reversing the Secretary's decision.[1] Detson was awarded disability benefits beginning in April, 1980 and SSI benefits from April, 1980 through February, 1984.

On September 23, 1984, the Secretary notified Detson by letter that his gross retroactive benefits had to be reduced by $14,171.50. Pursuant to the SSI windfall offset provision, 42 U.S.C. § 1320a–6,[2] the Secretary could reduce retroactively payable disability benefits by the amount of SSI benefits which had been paid to the claimant but which the claimant would not have received if the Title II disability benefits had been paid when they were due rather than retroactively. The Secretary also informed Detson that 25 percent of his net past-due benefits, or $166.17, was being withheld to cover an award of attorney's fees. The Secretary cited section 206(a) of the Act, 42 U.S.C. § 406(a), as authorizing the withholding.

Based on the information provided in the Secretary's letter, Detson's counsel believed Detson's gross retroactive benefits totaled $14,942.80.[3] Detson's counsel requested 25 percent of that amount, $3,735.70, in a petition for award of attorney's fees filed with the district court pursuant to 42 U.S.C. § 406(b)(1).

On January 28, 1985, the district court awarded to Detson's counsel the requested fee of $3,735.70. The court stated that the fee was "the maximum amount allowable as it is twenty-five percent (25%) of the total past-due benefits payable to the claimant." The Secretary filed its timely appeal from that decision on March 28, 1985.

On June 7, 1985, the Secretary filed a motion with the district court for an indicative ruling and for relief from the court's judgment. The Secretary asserted that the attorney's fee should have been based on Detson's net past-due benefits and argued that the district court had relied upon *Burnett v. Secretary of Health & Human Services*, 563 F.Supp. 789 (W.D.Ark.1983), which was subsequently reversed, *Burnett v. Heckler*, 756 F.2d 621 (8th Cir.1985). The court denied the motion on July 29,

1. The Secretary does not challenge that decision.

2. 42 U.S.C. § 1320a–6 provided:
   Notwithstanding any other provision of this Act, in any case where an individual—
   (1) makes application for benefits under subchapter II of this chapter and is subsequently determined to be entitled to those benefits, and
   (2) was an individual with respect to whom supplemental security income benefits were paid under subchapter XVI of this chapter (including State supplementary payments which were made under an agreement pursuant to section 1382e(a) of this title or an administration agreement under section 212 of Public Law 93–66) for one or more months during the period beginning with the first month for which a benefit described in paragraph (1) is payable and ending with the month before the first month in which such benefit is paid pursuant to the application referred to in paragraph (1),
   the benefits (described in paragraph (1)) which are otherwise retroactively payable to such individual for months in the period described in paragraph (2) shall be reduced by an amount equal to so much of such supplemental security income benefits (including State supplemental payments) described in paragraph (2) for such month or months as would not have been paid with respect to such individual or his eligible spouse if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively; and from the amount of such reduction the Secretary shall reimburse the State on behalf of which such supplementary payments were made for the amount (if any) by which such State's expenditures on account of such supplementary payments for the period involved exceeded the expenditures which the State would have made (for such period) if the individual had received the benefits under subchapter II of this chapter at the times they were regularly due during such period rather than retroactively. An amount equal to the portion of such reduction remaining after reimbursement of the State under the preceding sentence shall be covered into the general fund of the Treasury.
   This provision was amended by § 2615 of the Deficit Reduction Act of 1984, Pub.L.No. 98–369, 98 Stat. 1132, effective February 1, 1985. The amended version of § 1320a–6 is inapplicable to the present case since the offset at issue was applied prior to February 1, 1985.

3. The Secretary's calculations indicate the gross amount of retroactive Title II benefits was actually $13,185.30.

1985, on the ground that it lacked subject matter jurisdiction. The court also was of the opinion that an indicative ruling was unwarranted. The court recognized that the Eighth Circuit had adopted the Secretary's approach, but also observed that there was support within this Circuit for the district court's holding, namely *Carlisi v. Secretary of Health and Human Services,* 583 F.Supp. 135 (E.D.Mich.1984). The decision whether or not to deviate from *Carlisi,* the district court concluded, could only be made by this Circuit in the appeal from the district court's award of attorney's fees.

## II.

Before we address the merits of the Secretary's claim, we note that the Secretary has discovered an error was made in calculating Detson's past-due benefits. The Secretary calculated those benefits on the assumption that all of the SSI benefits owed to Detson were paid to him. However, due to an administrative error, the Secretary did not pay the full amount of SSI retroactive benefits. Accordingly, the windfall offset deduction of $14,171.50 was too high; the Secretary should have only deducted a windfall offset of $7,235.90. As a result of this error, the Secretary has recalculated the attorney's fees withholding amount to be $1,483.97, which is 25 percent of the past-due benefits reduced by the adjusted SSI windfall offset. In accordance with the above recalculations, the Secretary urges this court to find that an attorney's fee of $1,483.97 is proper.

The Secretary argues that the district court did not comply with 42 U.S.C. § 406(b)(1) and the regulation defining "past-due benefits" in awarding the attorney's fee in this case. Pursuant to § 406(b)(1), a court may award attorney's fees. That statute provides:

Whenever a court renders a judgment favorable to a claimant under the subchapter [referring to Subchapter II] who was represented before the court by an attorney, the court may determine and award as part of its judgment a reasonable fee for such representation, *not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled* by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1) (emphasis added). A regulation promulgated by the Secretary defines "past-due benefits" as "the total amount of *benefits payable* under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made." 20 C.F.R. § 404.1703 (emphasis added). The Secretary observes that the disability benefits "payable" to a claimant are the net benefits derived after deduction of the windfall offset amount pursuant to 42 U.S.C. § 1320a–6. The Secretary asserts that the amount of past-due benefits used for calculating the 25 percent withholding amount under § 406(b)(1) should be the same net amount of disability benefits payable to the claimant.

As further support, the Secretary refers to the Preamble to the regulations implementing § 1320a–6, the SSI windfall offset provision. The Preamble states:

As for attorney's fees, the amount of retroactive benefits that is subject to withholding for payment of an attorney's fee is the total amount of retroactive Social Security benefits *payable* to the beneficiary (see [20 C.F.R.] § 404.1703). The amount payable is the amount of retroactive benefits less the amount of any deductions, reductions, or overpayments applicable to the retroactive period. Thus, the amount of retroactive benefits *payable* for purposes of withholding an attorney's fee is the amount

of retroactive Social Security benefits reduced by the amount of any SSI payments received in the retroactive period. Preamble, 47 Fed.Reg. 4985, 4986 (emphasis in original).[4] Thus, the Secretary clearly has consistently maintained the view that only the net amount of past-due disability benefits, the total retroactive benefits reduced by the SSI windfall offset, are subject to the withholding provision of § 406(b)(1).

■ In analyzing this case, we first note that the Secretary's implementation of § 406(b)(1) and interpretation of "past-due benefits" is accorded great deference. "Because Congress has entrusted the primary responsibility of interpreting a statutory term to the Secretary rather than to the courts, [the Secretary's] definition is entitled to ' "legislative effect." ' " *Herweg v. Ray*, 455 U.S. 265, 275, 102 S.Ct. 1059, 1066, 71 L.Ed.2d 137 (1982), citing *Schweiker v. Gray Panthers*, 453 U.S. 34, 44, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981); *Batterton v. Francis*, 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977). Our review of the Secretary's regulation defining "past-due benefits" is thus limited to determining whether it "exceeded the Secretary's statutory authority and whether [it is] arbitrary and capricious." *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). We conclude that the Secretary's definition of "past-due benefits" as the net amount of disability benefits, or the amount *payable* to the claimant, is not arbitrary and capricious and does not exceed the Secretary's statutory authority.

■ Having upheld the Secretary's regulation, we turn to the Secretary's contention based on that regulation that the amount of Title II past-due benefits subject to the withholding provision of 42 U.S.C. § 406(b)(1) must be reduced by the SSI windfall offset, even in a case where Title II and SSI benefits are concurrently adjudicated and the SSI benefits are paid retroac-

tively. We believe this is the correct approach and therefore conclude that the district court erred in awarding Detson's attorney's fee based on the gross amount of past-due benefits.

In reaching this conclusion, we find the analysis and holding of *Burnett v. Heckler,* 756 F.2d 621 (8th Cir.1985), to be persuasive. *Burnett* involved the same issue presented in the instant case. In *Burnett,* the district court held that in actions seeking Title II disability benefits and SSI benefits concurrently, the attorney's fee withholding amount should be based on the gross amount of past-due benefits. *Burnett v. Secretary of Health & Human Services,* 563 F.Supp. 789, 793 (W.D.Ark. 1983). A primary basis for the court's holding was its belief that basing the withholding amount on net past-due benefits would operate as a disincentive for lawyers to represent claimants, since that method of calculation would reduce attorney's fees. *Id.* at 793. Such a result, the court determined, was not intended by Congress when it enacted § 1320a–6. *Id.*

On appeal, faced with the same arguments raised in the instant case, the Eighth Circuit reversed. The court deferred to the Secretary's interpretation of "past-due benefits" as set forth in 20 C.F.R. § 404.1703. *Burnett,* 756 F.2d at 625. The court also observed that the question whether past-due benefits had to be reduced by the windfall offset before calculating the withholding amount had been addressed by the Secretary in the Preamble to the regulations implementing § 1320a–6. *Id.* at 626–27. Consistent with the Secretary's view, the court held that "the amount of retroactive benefits payable for purposes of a court award of attorney's fees pursuant to § 404(b)(1) is the amount of retroactive disability benefits reduced by the SSI windfall offset or the net amount of disability benefits." *Id.* at 627.

The court recognized that this method of calculating the withholding amount would

---

4. This statement by the Secretary was made in response to suggestions that the Secretary would apply the withholding provision of

§ 406(b)(1) before deducting the windfall offset. *See Burnett v. Heckler,* 756 F.2d 621, 627 (8th Cir.1985).

necessarily reduce attorney's fees, thereby constituting a financial disincentive to representing disability claimants. The court was unpersuaded that the financial disincentive mandated a contrary result, however. The court observed that "the Secretary's approach ... does produce a public benefit because it preserves a greater portion of the benefits for the claimant." *Id.* at 626. The court also found that the Secretary's approach does not disrupt the primary financial incentive of § 406. The court concluded that the primary financial incentive provided by § 406 is not the *amount* of attorney's fees but is the *direct payment* of fees. Pursuant to § 406, the Secretary must pay the withheld attorney's fees directly to the attorney, thereby avoiding problems of collection from the claimant. The court correctly stated that this financial incentive is unaffected by the Secretary's method of calculating the withholding amount. *Id.* at 626. Also, the court stated that "computation of attorney's fees on the basis of the net amount of benefits is consistent with the Congressional goal of insuring that disability benefits are not consumed by attorney's fees." *Id.* at 625, citing *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.), *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970).

The Fourth Circuit, apparently the only other court of appeals which has addressed this issue, reached a result consistent with *Burnett.* In *Cuthbert v. Secretary of Health and Human Services,* 784 F.2d 1157 (4th Cir.1985), the court also approved the Secretary's approach to calculation of attorney's fees under 42 U.S.C. § 406. In *Cuthbert,* the Secretary certified payment, pursuant to § 406(a), of 25 percent of the net past-due benefits as attorney's fees. The claimant's attorney subsequently brought an action against the Secretary, claiming that the fee should have been based on the gross amount of past-due benefits, unreduced by the SSI windfall offset. The district court dismissed the action for lack of jurisdiction. In affirming the district court, the Fourth Circuit noted that the Secretary is required pursuant to § 406(a) to withhold up to 25 percent of "past-due benefits" for attorney's fees and that the Secretary had promulgated a regulation defining "past-due benefits" as "the total amount of benefits payable under Title II." The court found that "[t]his is a sensible reading of the statute, since the direct payment to the lawyer is to be made out of funds otherwise payable to the client." Thus, even though *Cuthbert* involved § 406(a) rather than § 406(b), it is consistent with both the Eighth Circuit's decision in *Burnett* and with our decision today.

We note that several district courts, including one within this Circuit, have adopted the approach taken by the district court below in the instant case. *See Carlisi v. Secretary of Health and Human Services,* 583 F.Supp. 135, 138 (E.D.Mich. 1984); *Wheeler v. Heckler,* 607 F.Supp. 646, 649 (D.N.J.1985); *Motley v. Heckler,* 605 F.Supp. 88, 93 (W.D.Va.1985); *McKenzie v. Heckler,* 602 F.Supp. 1150, 1158–59 (D.Minn.1985). We hereby expressly reject the holding of *Carlisi.* All future calculations of attorney's fees made by courts within this Circuit pursuant to § 406(b)(1) shall be made in accordance with the Secretary's approach. That is, the amount of past-due benefits available for calculation of the attorney's fees withholding amount under § 406(b)(1) is the total retroactive benefits reduced by the SSI windfall offset: the net amount of past-due benefits.

In approving the Secretary's approach, we are not unmindful that the fees of attorneys representing disability claimants will be reduced.[5] However, dissatisfaction with this result should be addressed by Congress and not the courts. We are limited to determining whether the Secretary's regulations interpreting and implementing the windfall offset provision and § 406(b)(1) are either arbitrary and capricious or exceed the Secretary's statutory

---

**5.** Of course, an attorney may still receive fees on an SSI claim by collecting the fees directly from the client.

authority. Having found that they are neither, our inquiry is at an end.

Accordingly, we REVERSE the judgment of the district court awarding attorney's fees of $3,735.70. We direct the court instead to award a fee in the amount of 25 percent of the net past-due benefits, or $1,483.97.