Nelda ALLEN (86–3845), Betty Ecabert (86–3846), Linwood R. Coates (86–3848), Virginia Marshall (86–3849), Nathaniel Johnson (86–3859), Plaintiffs–Appellants,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.

Nos. 86–3845, 86–3846, 86–3848, 86–3849 and 86–3859.

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 28, 1987.

Decided Nov. 17, 1987.

Reconsideration Granted Jan. 19, 1988.*

Gary M. Blumenthal, Steven Horenstein, Lang & Horenstein, Dayton, Ohio, for plaintiffs-appellants.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, Leonard Saphire–Bernstein, Office of the Chief Counsel, Region V, Dept. of H. & H.S., Chicago, Ill., for defendant-appellee.

Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Nelda Allen, Betty Ecabert, Linwood R. Coates, Virginia Marshall, and Nathaniel Johnson appeal from the district court's judgments and orders which reduced the amount of appellants' retroactive disability insurance benefits pursuant to the supplemental security income benefits windfall offset provision. 42 U.S.C. § 1320a–6. For the following reasons, we affirm the district court's judgments.

I.

These cases, which have been consolidated for appeal, are factually similar. Appellants Nelda Allen, Betty Ecabert, Linwood R. Coates, Virginia Marshall, and Nathaniel Johnson all have applied for and ultimately been awarded disability insurance benefits retroactively with dates of entitlement which antedate the effective date of the windfall offset provision. It appears, however, that in each case the final adjudication of disability, by either the Secretary in an administrative proceeding or by the district court, was made subsequent to the effective date of the windfall offset provision.

* Opinion on reconsideration, 837 F.2d 267.

Each appellant received supplemental security income benefits for the same period in which he or she was ultimately determined to have been entitled to retroactive disability insurance benefits.

Appellants received notice that their retroactive disability insurance benefits were being reduced because of supplemental security income payments received during that same period. Each appellant requested reconsideration, contesting the application of the offset, and the administration subsequently issued reconsideration determinations affirming the application of the offsets. Each appellant then requested a hearing and waived his or her right to a personal appearance since no material facts were at issue. Hearings were held, and in each case the hearing decision affirmed the position of the Secretary. The Appeals Council affirmed the ALJ decisions and they became the final decisions of the Secretary.

Each appellant subsequently filed a complaint in district court and they were each assigned to a United States Magistrate. In each case, the magistrate submitted a report and recommendation that judgment be entered in favor of the Secretary. Each appellant filed a timely motion to review and supporting memorandum. The district court issued an order which adopted the magistrate's recommendations in full in each case.

The cases were consolidated for appeal. The only issue before this court concerns which date controls for the purpose of determining the applicability of the supplemental security income benefits windfall offset provision.

**II.**

Both parties analyze the appeal as presenting the issue of which date controls for the purpose of determining the applicability of the windfall offset provision. Although claimants attempt to construe 42 U.S.C. § 1320a–6(1) in their favor, the issue properly concerns alternative constructions of the Social Security Disability Amendments of 1980, Pub.L. No. 96–265, § 501(d), 94 Stat. 441, 470 (codified at 42 U.S.C. 1320a–6 note), which determined the effective date of section 1320a–6. Section 501(d) provides the following:

> The amendments made by this section shall be applicable in the case of payments of monthly insurance benefits under Title II of the Social Security Act *entitlement for which is determined on or after the first day of the thirteenth month which begins after the date of this act.*

(Emphasis added).

Appellants would have this court emphasize the word "entitlement" in section 501(d), and would have this court hold that the phrase "entitlement for which is determined on or after ..." in the statute must be construed to prohibit the application of the windfall offset provision in cases in which the date of entitlement for disability benefits was ultimately determined to be prior to July 1, 1981. In the instant case, as indicated on his or her social security award certificate, each appellant was ultimately determined to have a date of entitlement to disability benefits prior to July 1, 1981. Appellants reason that since each of them was determined to have a date of entitlement to disability benefits prior to July 1, 1981, the application of the windfall offset provision in their cases is contrary to statute.

The Secretary, on the other hand, emphasizes the word "determined" in section 501(d), arguing that the phrase "entitlement for which is determined on or after ..." in the statute must be construed to prohibit the application of the windfall offset provision only in cases in which the date of the Secretary's final decision (if favorable) or court's decision granting disability benefits—i.e., the final adjudication of disability—was prior to July 1, 1981. In the instant case, the final adjudication granting disability benefits to each appellant apparently was subsequent to July 1, 1981. The Secretary reasons that since each appellant's disability was finally adjudicated subsequent to July 1, 1981, the application of the windfall offset provision in each case is appropriate.

When this court reviews the Secretary's construction of section 501(d), it must decide whether Congress has spoken directly to the precise question at issue. If the statute is silent or ambiguous with respect to the precise question at issue, the question for the court is "whether the [Secretary's] answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. National Resources Defense Counsel*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 *reh'g denied*, 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed. 2d 921 (1984).

On the other hand, the requirement of deference to the Secretary's interpretation disappears when the Secretary's interpretation is inconsistent with clear Congressional intent. *Hall v. Secretary, Health, Educ. and Welfare*, 600 F.2d 556, 561 (6th Cir.1979). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the [Secretary], must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842–43, 104 S.Ct. at 2781. If this court, employing traditional tools of statutory construction, finds that "Congress had an intention on the precise question at issue, that intention is the law and must be given effect." *Id.* at 843 n. 9, 104 S.Ct. at 2781 n. 9; *See e.g., Miller v. Commissioner of Internal Revenue*, 733 F.2d 399, 403 (6th Cir.1984) (en banc) (holding that absent unusual circumstances, this court must apply the plain meaning of a statute).

Appellant correctly argues that this court's decision in *Detson v. Schweiker*, 788 F.2d 372 (6th Cir.1986), is not controlling since the court in *Detson* did not address the precise issue before the court today—i.e., which date controls for determining the applicability of the windfall offset provision. The issue in *Detson* was limited to whether the windfall offset provision affected the award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Although the facts in *Detson* appear to be similar to the instant case, no one in *Detson* argued that the windfall offset provision should not have applied, nor was that issue decided.

In support of their proposed construction, appellants rely on two district court opinions which have entered judgments against the Secretary in cases similar to the instant appeal. In the first case, *Hey v. Schweiker*, No. C81–341–L (D.C.N.H. 1982) (unpublished), the court actually held early in its opinion that *"the time that eligibility is 'determined' and not the time of final 'adjudication' will control."* *Id.* slip op. at 2 (emphasis added). Upon further analysis, the court commented, "[t]his [reasoning] would support the conclusion that applicants who *filed* prior to the effective date of the adjustment cannot be denied benefits as a result of it." *Id.* slip op. at 4 (emphasis added).

The second district court case, *McGrath v. Heckler*, Unemp.Ins.Rep. (CCH) ¶ 16,523 (E.D.Wash.1985), quotes extensively from the *Hey* opinion including both of the passages quoted above. To confuse the issue even more, relying exclusively on *Hey* the court in *McGrath* concluded, "[s]ince this court has decided that plaintiffs are entitled to unreduced benefits ... because their *eligibility onset date* predated the effective date of the Windfall Act, it is not necessary to decide any other issue." (Emphasis added).

Both of these cases relied on by appellants construe the language in section 1320a–6(1) instead of the relevant language of section 501(d). Both of these cases seem to hold that the controlling date is the date of determination in one portion of the opinion, but then go on to indicate that the date of filing, and alternatively even the onset date in *McGrath*, is the controlling date. Because these decisions construe the wrong statutory provision and are internally inconsistent, this court declines to rely on *Hey* and *McGrath*.

Congress has spoken to the precise question in section 501(d). Therefore, this court need not defer to the Secretary's interpretation unless it finds section 501(d) to be ambiguous.

Congressional intent is clear in this case. According to familiar rules of grammar, the prepositional phrase "on or after ..." modifies the verb "determined" which im-

mediately preceeds that phrase in the sentence. The phrase "entitlement for which is determined on or after ..." in section 501(d) must be construed to prohibit the application of the windfall offset provision only in cases in which the date of the Secretary's final decision (if favorable) or court's decision granting disability benefits, since that is the date on which a claimant is determined to be entitled to benefits, was prior to July 1, 1981. This court must give effect to the plain meaning of the statute since this does not lead to absurd results. *See Northwestern Nat'l Ins. Co. v. Osborne*, 610 F.Supp. 126, 129 (D.C.Ky. 1985), *aff'd without opinion*, 787 F.2d 592 (6th Cir.1986).

For the foregoing reasons, we AFFIRM the district court's judgments.