837 F.2d 267
 20 Soc.Sec.Rep.Ser. 285, Unempl.Ins.Rep. CCH 17,823
Nelda ALLEN, Betty Ecabert, Linwood R. Coates, Virginia
Marshall, Nathaniel Johnson, Plaintiffs-Appellants,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 Nos. 86-3845, 3846, 3848, 3849, 3859.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Sept. 28, 1987.
Decided Jan. 19, 1988.
 
 Steven B. Horenstein, Lang & Horenstein, Dayton, Ohio, for Nathaniel johnson.
 Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, Nicholas J. Pantel, Asst. U.S. Atty., Cincinnati, Ohio, Leonard Saphire-Bernstein, Office of the Chief Counsel, Region V. Dept. of H. & H.S., Reginald A. Pallesen, Office of the Gen. Counsel, Chicago, Ill., for defendant-appellee.
 Gary M. Blumenthal, Lang & Horenstein, Dayton, Ohio, for Virginia Marshall, Linwood Coates, Betty Ecabert and Nelda Allen.
 Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 CONTIE, Senior Circuit Judge.
 
 
 1
 Nelda Allen, Betty Ecabert, Linwood R. Coates, Virginia Marshall, and Nathaniel Johnson appeal from the district court's judgments and orders which reduced the amount of appellants' retroactive disability insurance benefits pursuant to the supplemental security income benefits windfall offset provision. 42 U.S.C. Sec. 1320a-6 (1982).[1] For the following reasons, we affirm the district court's judgments.
 
 I.
 
 2
 These cases, which have been consolidated for appeal, are factually similar. Appellants Nelda Allen, Betty Ecabert, Linwood R. Coates, Virginia Marshall, and Nathaniel Johnson all have applied for and ultimately been awarded disability insurance benefits retroactively with dates of entitlement which antedate the effective date of the windfall offset provision. It appears, however, that in each case the final adjudication of disability, by either the Secretary in an administrative proceeding or by the district court, was made subsequent to the effective date of the windfall offset provision.
 
 
 3
 Each appellant received supplemental security income benefits for the same period in which he or she was ultimately determined to have been entitled to retroactive disability insurance benefits.
 
 
 4
 Appellants received notice that their retroactive disability insurance benefits were being reduced because of supplemental security income payments received during that same period. Each appellant requested reconsideration, contesting the application of the offset, and the administration subsequently issued reconsideration determinations affirming the application of the offsets. Each appellant then requested a hearing and waived his or her right to a personal appearance since no material facts were at issue. Hearings were held before Administrative Law Judges (ALJ's), and in each case the hearing decision affirmed the position of the Secretary. The Appeals Council affirmed the ALJ decisions and they became the final decisions of the Secretary.
 
 
 5
 Each appellant subsequently filed a complaint in district court and they were each assigned to a United States Magistrate. In each case, the magistrate submitted a report and recommendation that judgment be entered in favor of the Secretary. Each appellant filed a timely motion to review and supporting memorandum. The district court issued an order which adopted the magistrate's recommendation in full in each case.
 
 
 6
 The cases were consolidated for appeal. The only issue before this court concerns which date controls for the purpose of determining the applicability of the supplemental security income benefits windfall offset provision.
 
 II.
 
 7
 Both parties analyze the appeal as presenting the issue of which date controls for the purpose of determining the applicability of the windfall offset provision. Initially, we note that appellants correctly argue that this court's decision in Detson v. Schweiker, 788 F.2d 372 (6th Cir.1986), is not controlling since the court in Detson did not address the precise issue before the court today. The issue in Detson was limited to whether the windfall offset provision affected the award of attorney fees pursuant to 42 U.S.C. Sec. 406(b)(1). Although the facts in Detson appear to be similar to the instant case, no one in Detson argued that based on the effective date of section 1320a-6 the windfall offset provision should not have applied, nor was that issue decided.
 
 
 8
 Appellants attempt to construe 42 U.S.C. Sec. 1320a-6(1) in their favor. The issue, however, properly concerns alternative constructions of Pub.L. No. 96-265 Sec. 501(d) which determined the effective date of section 1320a-6.
 
 
 9
 When this court reviews the Secretary's construction of section 501(d), it must decide whether Congress has spoken directly to the precise question at issue. If the statute is silent or ambiguous with respect to the precise question at issue, the question for the court is "whether the [Secretary's] answer is based on a permissible construction of the statute." Chevron, U.S.A., Inc. v. National Resources Defense Counsel, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694, reh'g denied, 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984).
 
 
 10
 On the other hand, the requirement of deference to the Secretary's interpretation of section 501(d) disappears if the Secretary's interpretation is inconsistent with clear Congressional intent. See Hall v. Secretary, Health, Educ. and Welfare, 600 F.2d 556, 561 (6th Cir.1979). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the [Secretary], must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43, 104 S.Ct. at 2781. If this court, employing traditional tools of statutory construction, finds that "Congress had an intention on the precise question at issue, that intention is the law and must be given effect." Id. at 843 n. 9, 104 S.Ct. at 2781 n. 9. See e.g., Miller v. Commissioner of Internal Revenue, 733 F.2d 399, 403 (6th Cir.1984) (en banc) (holding that absent unusual circumstances, this court must apply the plain meaning of a statute).
 
 Section 501(d) provides the following:
 
 11
 The amendments made by this section shall be applicable in the case of payments of monthly insurance benefits under Title II of the Social Security Act entitlement for which is determined on or after the first day of the thirteenth month which begins after the date of this act.
 
 
 12
 (Emphasis added).
 
 
 13
 Appellants would have this court emphasize the word "entitlement" in section 501(d), and would have this court hold that the statutory phrase "entitlement for which is determined on or after ..." must be construed to prohibit the application of the windfall offset provision in cases in which the date of entitlement for disability benefits was ultimately determined to be prior to July 1, 1981. In the instant case, as indicated on his or her social security award certificate, each appellant was ultimately determined to have a date of entitlement to disability benefits prior to July 1, 1981. Appellants reason that since each of them was determined to have a date of entitlement to disability benefits prior to July 1, 1981, the application of the windfall offset provision in their cases is contrary to statute.
 
 
 14
 The Secretary, on the other hand, emphasizes the word "determined" in section 501(d), arguing that the statutory phrase "entitlement for which is determined on or after ..." must be construed to prohibit the application of the windfall offset provision only in cases in which the date of the Secretary's final decision (if favorable) or court's decision granting disability benefits--i.e., the final adjudication of disability--was prior to July 1, 1981. In the instant case, the final adjudication granting disability benefits to each appellant apparently was subsequent to July 1, 1981. The Secretary reasons that since each appellant's disability was finally adjudicated subsequent to July 1, 1981, the application of the windfall offset provision in each case is appropriate.
 
 
 15
 In support of their proposed construction, appellants rely on two district court opinions which have entered judgments against the Secretary in cases similar to the instant appeal. In the first case, Hey v. Schweiker, No. C81-341-L (D.C.N.H.1982) (unpublished), the court actually held early in its opinion that "the time that eligibility is 'determined' and not the time of final 'adjudication' will control." Id. slip op. at 2 (emphasis added). Upon further analysis, the court commented, "[t]his [reasoning] would support the conclusion that applicants who filed prior to the effective date of the adjustment cannot be denied benefits as a result of it." Id. slip op. at 4 (emphasis added).
 
 
 16
 The second district court case, McGrath v. Heckler, Unempl.Ins.Rep. (CCH) p 16,523 (E.D.Wash.1985), quotes extensively from the Hey opinion including both of the passages quoted above. To confuse the issue even more, relying exclusively on Hey the court in McGrath concluded, "[s]ince this court has decided that plaintiffs are entitled to unreduced benefits ... because their eligibility onset date predated the effective date of the Windfall Act, it is not necessary to decide any other issue." (Emphasis added).
 
 
 17
 Both of these cases relied on by appellants construe the language in section 1320a-6(1) instead of the relevant language of section 501(d). Both of these cases seem to hold that the controlling date is the date on which eligibility is determined in one portion of the opinion, but then go on to indicate that the date of filing, and alternatively even the onset date in McGrath, is the controlling date. Because these decisions construe the wrong statutory provision and are internally inconsistent this court declines to follow Hey and McGrath.
 
 
 18
 Similarly, we are not persuaded by the First Circuit's recent opinion in Dion v. Secretary of Health and Human Services, 823 F.2d 669 (1st Cir.1987). In Dion, the First Circuit upheld a decision which, relying on the opinion in Hey discussed above, refused to apply the windfall offset provision in a case similar to the one before this court. Dion agreed with the district court in that case's reading of the statute in light of the general rule against finding retrospectivity in statutes absent an unambiguous declaration to the contrary. Id. at 672. The court in Dion found ambiguity in the verb "determined" for two reasons which are relevant to the present case. First, the court did not find any language in the statute which it felt indicated that "determined" refers to the final adjudication rather than to an earlier stage of the proceedings. Second, the court noted that at least one point in the regulations defines "determination" as "the initial determination or the reconsidered determination...." Id. (citing 20 C.F.R. Sec. 404.901).
 
 
 19
 Webster's New Collegiate Dictionary defines the verb "determine" as follows: "to fix conclusively or authoritatively ... to decide by judicial sentence...." Webster's New Collegiate Dictionary 307 (1979). Until the date of the Secretary's final decision (if favorable) or the court's decision granting disability benefits, eligibility for benefits cannot be said to have been fixed conclusively or authoritatively or to have been decided by judicial sentence. Thus, the dictionary definition of "determine" supports the conclusion that this word in section 501(d) refers to the final adjudication rather than to an earlier stage of the proceedings. That the Secretary has chosen to alter the accepted definition of the noun "determination" for the expressly limited purposes of one subpart in the regulations does not change this result.
 
 
 20
 That Congress did not intend to ascribe the Secretary's specialized definition of "determination" to section 501(d) becomes apparent upon consideration of the windfall offset provision itself. Section 1320a-6 provides in pertinent part:
 
 
 21
 Notwithstanding any other provision of this chapter, in any case where an individual--
 
 
 22
 (1) makes application for benefits under subchapter II of this chapter and is subsequently determined to be entitled to those benefits....
 
 
 23
 (Emphasis added). We do not believe that the verb "determined" in this context refers to the Secretary's initial determination since this would result in the windfall offset provision being inapplicable to all cases which were not decided in favor of the claimant by the Secretary's initial determination. Congress clearly had the plain meaning of the verb "determined" in mind when it wrote section 1320a-6, the windfall offset provision. We are convinced that Congress likewise had the plain meaning of "determined" in mind when it wrote section 501(d), the section which sets the windfall offset provision's effective date.
 
 
 24
 Moreover, we note that section 501(d) states that the windfall offset provision is applicable "... in the case of ... benefits ... entitlement for which is determined on or after [July 1, 1981]." (Emphasis added). The emphasized language, particularly the word "for," mandates that entitlement be affirmatively determined prior to July 1, 1981 in order to escape the application of the windfall offset provision. The court in Dion ignored this language. Instead, it erroneously focused on the Secretary's initial determination as to entitlement regardless of when entitlement for benefits is affirmatively determined.
 
 
 25
 In Dion, the court also felt that the thirteen-month postponement of the effective date of the statute indicates a clear Congressional intent to obviate any retrospective application. In support of this position, the court quoted the following passage from the Senate report: "The committee expects that the department will ensure that applicants are made aware [the offset] is required by law at the time they file their claims for benefits." S.Rep. No. 96-408, 96th Cong., 2d Sess. 78, reprinted in 1980 U.S.Code Cong. & Ad.News 1277, 1356, quoted in Dion, 823 F.2d at 672.
 
 
 26
 Contrary to the court in Dion, we believe that the quoted passage of legislative history merely expresses an intent to delegate to the Secretary the duty of notifying applicants of the offset provision; it does not express an intent to limit the application of the windfall offset provision. Additionally, we note that the holding in Dion that the date of the initial determination as to eligibility controls does not eliminate the retrospective effect of the statute which it believes the Senate Committee to have expressed an intent to avoid. Because a case must be filed before the Secretary may issue its initial determination as to eligibility, Dion's solution does not eliminate the retrospective effect which it perceives to be problematic, nor could it without equating the word "determined" with "filed."
 
 
 27
 Finally, the court in Dion felt that the Secretary's interpretation would lead to disparity between claims which are processed quickly and those which move slowly through the administrative (and possibly judicial) process. The court in Dion does not dispute that Congress may enact legislation which treats people differently depending upon the time their claims are fixed conclusively or authoritatively. See Dion, 823 F.2d at 673. We believe that by the plain meaning of section 501(d) Congress has chosen to treat people differently depending on the date on which their eligibility for disability insurance benefits was determined.
 
 
 28
 Congressional intent is clear in this case. According to familiar rules of grammar, the prepositional phrase "on or after ..." modifies the verb "determined" which immediately preceeds that phrase in the statute. As we have indicated above, the verb "determined" means "to fix conclusively or authoritatively ... to decide by judicial sentence." Until the date of the Secretary's final decision (if favorable) or the court's decision granting disability benefits, eligibility for benefits cannot be said to have been fixed conclusively or authoritatively or to have been decided by judicial sentence. For this reason, the phrase "entitlement for which is determined on or after ..." in section 501(d) must be construed to prohibit the application of the windfall offset provision only in cases in which the date of the Secretary's final decision (if favorable) or court's decision granting disability benefits, since that is the date on which a claimant is determined to be entitled to benefits, was prior to July 1, 1981. This court must give effect to the plain meaning of the statute. See Commissioner of Internal Revenue v. Asphalt Products Co., 482 U.S. ----, 107 S.Ct. 2275, 96 L.Ed.2d 97 (1987) (per curiam).
 
 
 29
 For the foregoing reasons, we AFFIRM the district court's judgments.
 
 
 
 [1]
 This provision was amended by Sec. 2615 of the Deficit Reduction Act of 1984, Pub.L. No. 98-369, 98 Stat. 1132. The amended version of section 1320a-6 is inapplicable to the present appeal