**Sandra A. HAYES, by Next Friend Irma J. MORRIS, Plaintiff,**

v.

**Margaret H. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. No. H 84–243.**

United States District Court, N.D. Indiana, Hammond Division.

July 23, 1991.

Elizabeth G. Tegarden, Gary, Ind., for plaintiff.

Asst. U.S. Atty., Dyer, Ind., for defendant.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALLEN SHARP, Chief Judge.

The claimant in this case, Sandra Hayes, appeals from an adverse judgment of the Secretary of Health and Human Services finding that her receipt of child's disability benefits payable under Title II must be offset due to her receipt of supplemental security income (SSI) benefits for the same period. The relevant facts are not disputed.

### I.

Irma J. Morris applied for disability insurance benefits on June 12, 1980. On that date, an application for child's disability benefits under Title II was filed on behalf of Sandra A. Hayes, Morris' adult disabled daughter. Because Hayes had already been determined disabled by the Social Security Administration (SSA) and was at the time a recipient of supplemental security income (SSI) under Title XVI, she would also be entitled to child's disability benefits on her mother's account if Morris were determined to be disabled and entitled to disability benefits.

Morris' application was initially denied but approved on reconsideration on May 5, 1981. Hayes' application for child's benefits was lost, so that the application was refiled on June 9, 1981. The initial determination on this refiled application was made on July 8, 1981, and the award was signed on September 25, 1981.

Because Hayes' claim for benefits was adjudicated after July 1, 1981, the SSA had determined pursuant to the offset provisions at 42 U.S.C. § 1320a–6 that her award of retroactive child's benefits would be reduced by $3,024.40, representing the amount of SSI benefits she would not have received had she been receiving disabled child's benefits each month (R. 105).

Hayes appealed the SSA's reduction in her benefits to an administrative law judge (ALJ) who reviewed the case de novo and on September 23, 1983, found that the offset provisions applied to Hayes' case (R. 22–27). The ALJ's decision became the final decision of the Secretary on February 8, 1984, when the Appeals Council denied claimant's timely request for review (R. 3–4).

Hayes challenges the application of 42 U.S.C. § 1320a–6 to these facts arguing that, because she met all eligibility requirements prior to the effective date of the legislation requiring the offset of benefits, there was in essence a determination prior to July 1, 1981, so that the offset provisions do not apply.

### II.

On June 9, 1980, Congress adopted Pub.L. No. 96–265, § 501, 94 Stat. 469 (1980), codified at 42 U.S.C. § 1320a–6 (1982). This statute provided that a person's entitlement to disability insurance under Title II and to SSI under Title XVI was to be evaluated in the aggregate, so that a retroactive award of disability benefits would be offset or reduced by the amount

of SSI that would not have paid if the monthly disability benefits had been paid when regularly due. The new offset provision contained at 42 U.S.C. § 1320a–6 did not go into effect immediately upon its passage in June 1980. Rather, the offset provision was declared applicable to cases in which "entitlement for [disability benefits] is determined on or after [July 1, 1981]." The sole question thus presented is which date controls for the purpose of establishing when "entitlement" is "determined."

### III.

The court first notes that this amendment to the Social Security Act is over ten years old, and no court from this circuit, district or appellate, appears to have construed this offset provision. There is not a total absence of case authority, however. Two appellate decisions, from the First[1] and Sixth[2] Circuits, have addressed the question presented here and reach opposing results.

Having reviewed the conflicting circuit decisions, this court adopts the construction embraced by the Sixth Circuit as that most faithful to the plain statutory language. Consistent with the decision in *Allen,* this court too holds that Congress intended the term "determined" to mean "fix[ed] conclusively or authoritatively ... decide[d] by judicial sentence." *Allen,* 837 F.2d at 272. Thus,

> the phrase "entitlement for which is determined on or after ..." in section 501(d) must be construed to prohibit the application of the windfall offset provision only in cases in which the date of the Secretary's final decision (if favorable) or court's decision granting disability benefits, since that is the date on which a claimant is determined to be entitled to benefits, was prior to July 1, 1981.

*Id.*

Accordingly, because in this case the Secretary's determination with respect to entitlement to child's benefits came after July 1, 1981, the offset provision of 42 U.S.C. § 1320a–6 was properly applied to this case. The judgment of the Secretary is AFFIRMED. The Secretary's motion for summary judgment is GRANTED. Hayes' motion for summary judgment is DENIED. SO ORDERED.

1. *Dion v. Secretary of Health and Human Services,* 823 F.2d 669 (1st Cir.1987).

2. *Allen v. Secretary of Health & Human Services,* 837 F.2d 267 (6th Cir.1988).