Emilio SANTOS RIVERA, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

Civ. No. 84–1444(RLA).

United States District Court,
D. Puerto Rico.

Nov. 18, 1987.

Juan A. Hernández Rivera, María Santana de Cuevas, Francisco J. Hernández Rentas, Bayamón, P.R., for plaintiff.

Wanda Rubianes, Asst. U.S. Atty., Old San Juan, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

This is a cessation of benefits case where the Secretary, after remand, awarded benefits to plaintiff pursuant to the provisions of Public Law 98–460, the Disability Amendments of 1984, § 2(d)(e) ("the 1984 Act").

Before the Court is the Magistrate's Report and Recommendation (filed September 3, 1987) recommending an award of $990.00 in fees and $315.00 in costs to plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). On September 17, 1987, defendant Secretary filed an objection to the Report and Recommendation.

The Secretary's main argument is that the award recommended by the Magistrate exceeds the 25% of past-due benefits statutorily limited for attorney's fees. 42 U.S.C. § 406(a). The Secretary asserts that this excess is due to the erroneous computation of "interim benefits" received by the plaintiff as part of the past-due benefits formula for computing attorney's fees.

The issue is therefore whether or not, in order to assess attorney's fees, the "past due benefits" language of § 406(b)(1) should be read to include interim benefits received by a claimant in a cessation of benefits case under the 1984 Act.

After careful consideration of the arguments and the applicable law we hold that interim benefits made during remand pursuant to the 1984 Act must be considered past-due benefits for purposes of awarding attorney's fees under § 406(b)(1).

As explained below, we do not, however, agree with the actual amount of the fee award recommended by the Magistrate for reasons independent of the Secretary's objections.

## ARGUMENTS

### A. *Are Interim Benefits Past–Due Benefits?*

■ Title II of the Social Security Act provides for the withholding of past-due benefits for the payment of attorney's fees in cases where plaintiff has had a successful outcome. 42 U.S.C. § 406(b)(1) provides in its pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Between the agency and the court, a maximum of 25% of past-due benefits may be approved as attorney's fees unless otherwise ordered by the Secretary pursuant to his discretionary powers under federal regulations. 20 C.F.R. 404.1725, 20 C.F.R. 404.1730; *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972).

■ Section 406 does not define past-due benefits. However, the Secretary's regulations state:

> 'Past-due benefits' means the total amount of benefits payable under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made. 20 C.F.R. § 404.1703.

The Secretary contends that since the term interim benefits is not mentioned in the regulations and since these benefits are provisional by nature, they cannot be deemed to have "*accumulated* because of a favorable administrative or judicial determination or decision ..." and thus they cannot be considered past-due benefits.

Like the Magistrate, we feel that this is too narrow a reading of the Act, the regulations, and the intent of Congress.

The 1984 Amendments provided for interim payment of benefits in cases, such as the case at bar, remanded to the Secretary for consideration pursuant to the new guidelines established in the 1984 Act. This act of Congress speaks of entitlement. In the event that Plaintiff ultimately lost her case, the interim payments would have been deemed an overpayment then recoverable by the Secretary.

In other words, interim benefits are simply a form of emergency loan allowed to a claimant whose benefits were suddenly ceased because of the 1984 Act and who, as permitted by the Act, is disputing that cessation of benefits. Congress clearly wanted to give claimants the benefit of the doubt in any disputes regarding the applicability of the 1984 Act to their circumstances. The point being that claimants should not suffer any unnecessary hardships. In the same vein, Congress, by allowing the interim benefits alternative, must have meant these to belong to the attorney fee determination in order to put "those who elect continued receipt of benefits in the same position as those who do not so elect, relative to the ability to pay a reasonable fee for representation." Magistrate's Report and Recommendation filed September 3, 1987, at 4.

■ To rule otherwise would be to undermine the spirit of § 406 which is intended to promote the adequate representation of potentially disabled individuals through a reasonable attorney's fee while at the same time preventing too great a reduction in a claimant's already inadequate stipend in the event he is declared disabled. *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir.1970); *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970).

To exclude interim benefits from the attorney's fees formula would be to place those who select the alternative of continued payments at a disadvantage from those who do not. If we follow the Secretary's theory, the attorney for the person choosing interim benefits will stand to gain much less than the one who does not so choose even though they both perform similar work. Under such circumstances, an attorney might be

> ... in the conflicting position of advising clients not to apply for interim benefits, contrary to the provision of relief intended by Congress, or of not accepting such clients for representation. It would place the claimant in the position of foregoing interim benefits in order to obtain representation to secure the benefits not being paid, or of receiving the interim benefits with a higher risk of ultimately losing them and having to repay them, due to lack of adequate representation.

Magistrate's Report and Recommendation filed September 3, 1987, at 4–5.

### B. *The Amount of the Award*

■ We reject the Magistrate's Report and Recommendation insofar as it pertains to the actual amount of the fees and costs appropriate to this case. We find that an hourly rate of $90.00 is too high; that the 11 hours of work claimed are not reasonable and that $300.00 of the $315.00 in costs requested are unfair to the client.

We need not detail our findings since these were fully discussed with counsel at a hearing regarding another social security case in which similar issues were addressed. *See Nazaria Rodríguez Marrero v. Secretary of Health and Human Services,* Civil No. 84–1508(RLA), "Minutes of Proceedings of Hearing held on August 31, 1987." In addition, plaintiff's counsel was involved in another social security case with Judge Fusté, wherein the problems with his fee requests and billing system were extensively discussed and in which counsel was seriously admonished. *See Wilberto Ramos Colón v. Secretary of Health and Human Services* 666 F.Supp. 10 (1987) Opinion and Order filed July 14, 1987.

At the hearing on August 31, 1987 counsel assured the Court that he would not commit the same mistakes again. We are confident that he will continue in his able representation of his clients' causes; thus the issue needs no further discussion.

Suffice it to say that regarding the instant request for attorney's fees we find

that 6.75 hours are reasonable at a rate of $85.00 per hour for a total of $573.75 to be retained from the Interim Benefits Escrow Account. As to the $355.44 which counsel is charging for costs, of which $300.00 has already been paid by plaintiff, we hereby disallow the $300.00 counsel charged for the use of his office's Wang computer and word processor. Counsel is, therefore, ORDERED to reimburse plaintiff the amount of $244.56 and to certify the same to the Court on or before December 18, 1987 or otherwise face personal sanctions.

For the reasons mentioned above, the Magistrate's Report and Recommendation of September 3, 1987 is approved and adopted in part and rejected in part.

IT IS SO ORDERED.