Nazaria Rodríguez
**MARRERO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.**
**Civ. No. 84–1508(RLA).**

United States District Court,
D. Puerto Rico.
Nov. 20, 1987.

Juan A. Hernández Rivera, María Santana de Cuevas, Francisco J. Hernández Rentas, Bayamón, P.R., for plaintiff.

Wanda Rubianes Collazo, Asst. U.S. Atty., U.S. Attorneys' Office, U.S. Dept. of Justice, Hato Rey, P.R., for defendant.

**OPINION AND ORDER**
ACOSTA, District Judge.

This is a cessation of benefits case where the Secretary, after remand, awarded bene-

---

fits to plaintiff pursuant to the provisions of Public Law 98–460, the Disability Amendments of 1984, § 2(d)(e); ("the 1984 Act").

Before the Court is the defendant Secretary's Fed.R.Civ.P. 60(b) motion for relief of the Court's order (dated May 12, 1987), approving the U.S. Magistrate's recommendation to award $765.00 in fees and costs to plaintiff's attorney.

The Secretary asserts that the $765.00 award exceeds the 25% of the total amount of past-due benefits statutorily earmarked for attorney's fees. 42 U.S.C. § 406(a). The Secretary contends that the Court erred by including the "interim benefits" received by plaintiff in the "past-due benefits" formula for computing attorney's fees.

The issue is whether or not, in order to assess attorney's fees, the "past due benefits" language of § 406(b)(1) should be read to include interim benefits received by a claimant in a cessation of benefits case under the 1984 Act.

By request of the Secretary, the Court held a hearing on this issue on August 31, 1987.

After careful consideration of the arguments made at the hearing, the briefs filed, and the applicable law, we hold that interim payments made during remand pursuant to the 1984 Act must be considered past-due benefits for purposes of awarding attorney's fees under § 406(b)(1).

## ARGUMENTS

Title II of the Social Security Act provides for the withholding of past-due benefits for the payment of attorney's fees in cases where Plaintiff has had a successful outcome. 42 U.S.C. § 406(b)(1) provides in its pertinent part:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claim-

ant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Between the agency and the court, a maximum of 25% of past-due benefits may be approved as attorney's fees unless otherwise ordered by the Secretary pursuant to his discretionary powers under federal regulations. 20 C.F.R. 404.1725, 20 C.F.R. 404.1730; *Webb v. Richardson,* 472 F.2d 529, 536 (6th Cir.1972).

Section 406 does not define past-due benefits. However, the Secretary's regulations state:

'Past-due' benefits means the total amount of benefits payable under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made. 20 C.F.R. 404.1703.

The Secretary contends that since the term interim benefits is not mentioned in the regulations and since these benefits are provisional by nature, they cannot be deemed to have *"accumulated* because of a favorable administrative or judicial determination or decision ..." and thus they cannot be considered past-due benefits.

We feel that this is too narrow a reading of the Act, the regulations, and the intent of Congress.

The 1984 Amendments provided for interim payment of benefits in cases, such as the one at bar, remanded to the Secretary for consideration pursuant to the new guidelines established in the 1984 Act. This act of Congress speaks of entitlement. In the event that plaintiff ultimately lost her case, the interim payments would have been deemed an overpayment then recoverable by the Secretary.

In other words, interim benefits are simply a form of emergency loan allowed to a claimant whose benefits were suddenly ceased because of the 1984 Act and who, as permitted by the Act, is disputing that cessation of benefits. Congress clearly wanted to give claimants the benefit of the doubt in any disputes regarding the applicability of the 1984 Act to their circumstances. The point being that claimants should not suffer any unnecessary hardships. In the same vein, Congress, by allowing the interim benefits alternative, must have meant these to belong to the attorney fee determination in order to put "those who elect continued receipt of benefits in the same position as those who do not so elect, relative to the ability to pay a reasonable fee for representation." Magistrate Justo Arenas' Report and Recomendation filed September 3, 1987, *Santos Rivera v. Secretary of Health and Human Services,* 674 F.Supp. 963, 964 (D.P.R. 1987).

To rule otherwise would be to undermine the spirit of § 406 which is intended to promote the adequate representation of potentially disabled individuals through a reasonable attorney's fee while at the same time preventing too great a reduction in a claimant's already inadequate stipend in the event he is declared disabled. *Dawson v. Finch,* 425 F.2d 1192, 1195 (5th Cir. 1970); *cert. denied,* 400 U.S. 830, 91 S.Ct. 60, 27 L.Ed.2d 60 (1970).

To exclude interim benefits from the attorney's fees formula would be to place those who select the alternative of continued payments at a disadvantage from those who do not. If we follow the Secretary's theory, the attorney for the person choosing interim benefits will stand to gain much less than the one who does not so choose even though they both perform similar work. Under such circumstances, an attorney might be

> ... in the conflicting position of advising clients not to apply for interim benefits, contrary to the provision of relief intended by Congress, or of not accepting such clients for representation. It would place the claimant in the position of foregoing interim benefits in order to obtain representation to secure the benefits not being paid, or of receiving the interim benefits with a higher risk of ultimately losing them and having to repay them, due to lack of adequate representation.

Magistrate Arenas' Report and Recommendation, Civil No. 84–1444, *supra,* at 4–5.

In conclusion, we find that interim benefits must be considered past benefits due for purposes of attorney's fees awards. Accordingly, the Secretary's "motion for relief from order" filed on June 29, 1987 is hereby DENIED. To the extent that this Order may conflict with any order issued by the Court at the August 31, 1987 hearing, the same are hereby superseded by this Order.

Finally, in accordance with several determinations made at the August 31, 1987 hearing, of which counsel are fully aware, counsel for Plaintiff is allowed 3.25 of the hours requested at a rate of $85.00 per hour together with $112.00 in costs for a total of $388.25—to be paid from the Interim Benefits Escrow Account. To this extent, the Court's Order of May 12, 1987 approving the Magistrate's recomendation of an award of $765.00 is hereby modified.

IT IS SO ORDERED.