**David IRIZARRY RIVERA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 84–1103(PG).**

United States District Court, D. Puerto Rico.

July 7, 1988.

---

William Domínguez Torres, San Juan, P.R., for plaintiff.

José F. Blanco, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Counsel for plaintiff moves the Court for the approval of attorney's fees for a total of 4.75 hours of legal work expended in the services rendered at the judicial level in this case.

The Social Security Administration withheld the amount of $1,662.00 for payment of attorney's fees. The amount of $2,200.00 has already been authorized for work performed at the administrative level.

The Secretary of Health and Human Services (the Secretary) objects the authorization of a fee alleging that it would be in excess of the statutory maximum allowed by past due benefits. Counsel alleges that the amount of $4,001.95, which is in an escrow account, may be utilized to pay for his services. The Secretary argues that this amount in the escrow account paid to claimant as interim benefits should be released to claimant.

The thrust of the Secretary's argument in the opposition revolves on the issue of whether the interim benefits may be considered "past-due benefits" for the purposes of the award of the fee. It is clear that the term past-due benefits within the provision of the Social Security Act authorizes a court to award an attorney a reasonable fee for representing a claimant not in excess of 25% of total past-due benefits to which claimant is entitled. *Cora Silva v. Secretary of Health*, 642 F.Supp. 931 (D.Mass.1986); *Detson v. Schweiker*, 788 F.2d 372 (6th Cir.1986); *Cuthbert v. Secretary*, 784 F.2d 1157 (4th Cir.1985).

The precise issue of whether interim benefits should be considered past-due benefits for purposes of assessing attorney's fees was directly addressed in *Santos Rivera v. Secretary of Health and Human Services*, 674 F.Supp. 963 (D.P.R.1987). There, rejecting a narrow reading of the Act and the regulations and considering the intent of Congress, the Court concluded that interim benefits made during remand must be considered past-due benefits for

**44**

purposes of awarding attorney's fees under 42 U.S.C. § 406(b)(1). *Santos Rivera, supra.* We agree fully with this interpretation. Therefore, interim benefits may be considered for the purpose of awarding a reasonable attorney's fee. We now turn to evaluate the fee petition.

 Counsel has alleged that there is a contingent fee arrangement of the 25% with plaintiff. However, it should be noted that a contingent fee arrangement does not bind the district court. *Brissette v. Heckler*, 784 F.2d 864, 866 (8th Cir.1986); *Mac Donald v. Weinberger*, 512 F.2d 144, 146–47 (9th Cir.1975). Furthermore, the fact that a claimant has not objected to the fee is also clearly unpersuasive. *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246 (6th Cir.1983). Rather, the Court is called to evaluate the reasonableness of the requested fee. *Bailey v. Heckler*, 777 F.2d 1167, 1169 (6th Cir.1985). Pursuant to this duty routine approvals should be avoided. *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir.1966).

■ The final determination of the fee is the duty of the Court. *Robinson v. Gardner*, 374 F.2d 949 (4th Cir.1967). There should be a correlation between the amount of an award and the attorney's performance. *Bailey v. Heckler, supra; McKittrick v. Gardner*, 378 F.2d 872, 874 (4th Cir.1967).

■ We have carefully examined the record before the Court in order to asssess the services rendered at the judicial level in this case. The record of the case reveals that counsel filed the complaint on April 25, 1984. Thereafter, the case was remanded thru our order of November 20, 1984, pursuant to defendant's motion for further proceedings in accordance with the Social Security Disability Benefits Reform Act of 1984. Thus, counsel's work before the Court in this case was minimal. In light of the record we find that the 4.75 hours allegedly expended are well justified.

Having considered the efforts expended and the value of the services rendered, we find that the amount of $500.00 is a reason-

able fee for the 4.75 hours of legal services before the Court. 42 U.S.C. § 406.

WHEREFORE, the Secretary of Health and Human Services is hereby ORDERED to pay counsel for plaintiff the amount of $500.00 as reasonable attorney's fees for services before the Court in relation to this case.

IT IS SO ORDERED.