FREDERICK J. DALEY,
LTD., Plaintiff,

v.

Dr. Louis SULLIVAN, Secretary,
Health and Human Services,
Defendant.

No. 89 C 2408.

United States District Court,
N.D. Illinois, E.D.

April 26, 1990.

Frederick J. Daley and Dorie Budlow, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., for defendant.

AMENDED MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Frederick J. Daley has petitioned this court for a writ of mandamus compelling Dr. Louis Sullivan, the Secretary of Health and Human Services, (the Secretary) to pay Mr. Daley $1463.73 in attorney's fees. Mr. Daley has alleged that the Social Security Act, 42 U.S.C. § 406(b)(1), and 20 C.F.R. § 404.1730(b), require Dr. Sullivan to pay the disputed fees. Mr. Daley has also asked this court to issue a declaratory judgment holding that the Secretary's failure to pay the fees violates 42 U.S.C. § 406(b) and 20 C.F.R. § 404.1725.

The Secretary answered Mr. Daley's complaint, and the parties have briefed the mandamus question, each of them submitting exhibits with their briefs. Neither party, however, has cited a Federal Rule of Civil Procedure, pursuant to which they request the court to render its decision. That presents a problem, which this court resolves by treating the briefs as cross-motions for judgment on the pleadings, *see* F.R.Civ.P. 12(c). Because Mr. Daley does not have a clear right to the relief he requested, and the Secretary did not violate a clear legal duty, the court enters judgment for the Secretary and denies each of Mr. Daley's requests for relief.

BACKGROUND

This case does not involve the question whether Mr. Daley's client, Amos Stevon, is entitled to Disability Insurance Benefits

or Supplemental Security Income Benefits (collectively, benefits). Those issues were resolved in Mr. Stevon's favor pursuant to the Social Security Administration (SSA) administrative review process. Mr. Daley is simply trying to collect the full attorney's fee which was authorized by an Administrative Law Judge (ALJ), but which he has been unable to collect.

The underlying facts are not in dispute. On March 28, 1985, an ALJ found that Mr. Daley's client, Amos Stevon, was "disabled" as of May 25, 1984 (In the Case of Amos Stevon, Social Security No. 426–54–1235, March 28, 1985). The ALJ also found that Mr. Stevon was entitled to benefits, pending the SSA's determination of his eligibility. *Id.* However, since Mr. Stevon believed that his disability began in March, 1983, Mr. Daley filed a timely request for review of the ALJ's decision. Although the ALJ's decision was on appeal, the Secretary began paying Mr. Stevon's benefits. The Secretary withheld 25% of the past due benefits, $341.25, to satisfy any future claim for attorney's fees.

The Appeals Council vacated the ALJ's decision and remanded the case to an ALJ (In the Case of Amos Stevon, Social Security No. 426–54–1235, November 15, 1985). The Appeals Council found that the record contained insufficient evidence concerning whether Mr. Stevon was disabled for twelve months after the "onset date" found by the first ALJ. It therefore remanded the case with directions for the next ALJ to gather evidence about Mr. Stevon's condition after November 20, 1984. Notwithstanding the Appeals Council's decision, the Secretary continued to make monthly benefit payments to Mr. Stevon. The Secretary did not notify Mr. Daley that it was continuing to pay his client. On February 27, 1987, a second

ALJ resolved the evidentiary issues in Mr. Stevon's favor, finding that Mr. Stevon's disability began in May, 1983 (In the Case of: Amos Stevon, Social Security No. 426–54–1235, February 27, 1987).

Soon thereafter, Mr. Daley petitioned the SSA for his attorney's fees, pursuant to 20 C.F.R. §§ 404.1720 and 404.1725. On September 16, 1988, the ALJ authorized a $3000 fee to compensate Mr. Daley for his work as Mr. Stevon's attorney.[1] The Secretary remitted 25% of the Mr. Stevon's "past due" benefits, or $1536.27, to Mr. Daley in October, 1988. The Secretary made his calculation by adding $341.25 withheld after the first ALJ judgment, and $1195.02 from the past due benefits due after the second judgment. Mr. Stevon has died, and his estate is unable to pay the remainder of Mr. Daley's fee. Thus, $1463.73 of the authorized fee of $3000 remains unpaid.

As this court has noted, Mr. Stevon continued to receive benefits even after the Appeals Council vacated the first ALJ decision. He received an initial lump sum payment for the benefits due from May, 1984 through the date of the first ALJ decision, in March, 1985. Thereafter, he received monthly benefit payments. The Secretary did not interrupt the benefit payments after the Appeals Council vacated the ALJ's decision. After the second ALJ decision, the Secretary made another lump-sum payment to Mr. Stevon, to compensate him from the earlier disability onset date, May, 1983 to the date of the first ALJ decision.

Mr. Daley argues that Secretary unlawfully paid Mr. Stevon after the Appeals Council vacated the first ALJ decision in November, 1985, and before the ALJ's final determination in February, 1987. He maintains that if the Secretary had withheld

---

**1.** 20 C.F.R. § 404.1720(b), "Charging and receiving a fee" provides:

(1) The representative must file a written request with us before he or she may charge or receive a fee for his or her services.

(2) We decide the amount of the fee, if any, a representative may charge or receive.

(3) A representative shall not charge or receive any fee unless we have approved it, and he or she shall not charge or receive any fee that is

more than the amount we approve. This rule applies whether the fee is charged to or received from you or from someone else.

(4) If the representative is an attorney and the claimant is entitled to past-due benefits, we will pay the authorized fee, or a part of the authorized fee, directly to the attorney out of the past-due benefits, subject to the limitations described in § 404.1730(b)(1)....

benefits, as he was required to do, Mr. Stevon would have accrued sufficient past-due benefits to fully compensate Mr. Daley. Finally, Mr. Daley argues that the interim payments were technically past-due benefits and should therefore have been part of the 'pot' from which his attorney's fees were deducted.

## DISCUSSION

▮▮▮▮ A writ of mandamus is an extraordinary remedy, and is available only: under exceptional circumstances of clear illegality when the performance of official duty calls for a construction of governing law, the [official's] interpretation will not be disturbed by a writ of mandamus unless it is clearly wrong and his official action is arbitrary and capricious. *Burnett v. Bowen,* 830 F.2d 731, 739 (7th Cir.1987) (citing *Americana Healthcare Corp. v. Schweiker,* 688 F.2d 1072, 1084 (7th Cir.1982).

In this Circuit, a writ of mandamus will issue only if each of the following three elements is present:

(1) a clear right to the relief sought;

(2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and

(3) no other relief is available.

*Burnett v. Bowen,* 830 F.2d at 739; *Homewood Professional Care Center, Ltd. v. Heckler,* 764 F.2d 1242, 1251 (7th Cir.1985); *Americana Healthcare,* 688 F.2d at 1084. Mr. Daley has not demonstrated to this court that the Secretary had a plainly defined duty to stop payments to Mr. Stevon while his case was being reconsidered, nor was the Secretary required to include the interim benefits Secretary paid to Mr. Stevon in his calculation of attorney's fees. The Secretary's actions were not arbitrary or capricious, nor were they clearly illegal. Thus, mandamus is not proper.

### 1. Calculation of Past Due Benefits

Mr. Daley argues that the Secretary must now pay his authorized fee directly. He relies on 42 U.S.C. § 406(b)(1), which provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for representation, not in excess of [25%] of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

Mr. Daley also relies on the Secretary's regulation authorizing determination and payment of attorney's fees, 20 C.F.R. § 404.1730(b)(1):

(b) Fees we may authorize—(1) Attorneys. Except as provided in paragraph (c) of this section, if we make a determination or decision in favor of a claimant who was represented by an attorney, and as a result of the determination or decision past-due benefits are payable, we will pay the attorney out of the past-due benefits the smallest of—

(i) Twenty-five percent of the total of the past-due benefits;

(ii) the amount of the fee that we set; or

(iii) the amount agreed upon between the attorney and the claimant represented.

The linchpin of Mr. Daley's argument is that the benefits which the Secretary remitted to Mr. Stevon between the Appeals Council's decision and the second ALJ's decision were, at the time they were paid, illegal. Nonetheless, after the second ALJ's decision they became past-due benefits. Since the Secretary did not stop paying Mr. Stevon after the Appeals Council's decision, Mr. Daley did not get the full amount to which he was entitled, i.e. 25% of the entire amount of past-due benefits. Mr. Daley maintains that this was clear error, since as a result he did not receive the full $3000 authorized attorney fee.

The Secretary made two disability benefits calculations pertinent to Mr. Daley's complaint. He made the first after the March, 1985 ALJ decision. The ALJ decid-

ed that Mr. Stevon became disabled on May 1, 1984. The Secretary therefore calculated that Mr. Stevon was entitled to benefits beginning in October, 1984.[2] The Secretary offset the amount of Mr. Stevon's entitlement by the amount of benefits already paid. In expectation of a claim for attorney's fees, the Secretary withheld 25% of the remaining benefits, $341.25.

Pursuant to the ALJ's decision after the Appeals Council remanded the case, the Secretary made a second calculation of the amount of disability benefits it owed Mr. Stevon. The Secretary determined that Mr. Stevon had been entitled to benefits since November, 1983. His entitlement was reduced by the amount of benefits already paid, and 25% of the amount remaining, $1195.02 was withheld for attorney's fees.

This court must decide whether the Secretary had a clear duty to stop making disability payments to Mr. Stevon when the Appeals Council vacated the first ALJ's decision and whether the Secretary's failure to include the interim benefits in his calculation of past-due benefits is arbitrary or capricious, and thus clearly illegal. *Detson v. Schweiker*, 788 F.2d 372, 375 (6th Cir.1986), citing *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1956, 76 L.Ed.2d 66 (1983) (review of regulations defining "past-due benefits" is limited to determining whether it "exceeded the Secretary's statutory authority and whether [it is] arbitrary and capricious").

### 2. Secretary's Duty to Stop Disability Payments

Mr. Daley claims that the Secretary had a clear obligation to stop paying disability benefits to Mr. Stevon after the Appeals Council vacated the first ALJ's decision, since the Appeals Council decision is "final" (citing *Bauzo v. Bowen*, 803 F.2d 917 (7th Cir.1986)). *Bauzo*, however, stands only for the proposition that, for purposes of review by an Article III court, an Appeals Council decision, rather than an ALJ decision, is final. *Id.* at 921. The Appeals Council decision at issue here however, was not final. Rather, it remanded the case to a second ALJ.

In any case, Mr. Daley's argument is not persuasive in light of the Secretary's regulations. 20 C.F.R. § 404.1815, "Withholding certification or payments" specifically provides:

(a) .... After a determination or decision, we *may* withhold certification to the Managing Trustee, or, if we have already made certification, we *may* notify the managing Trustee to withhold payments. We *may* do this if a question about the validity of payment or payments to be made under the determination or decision arises as the result of one of the following events:

(1) a reconsideration ... hearing, or review is being conducted....

(2) ....

(3) ... We will not withhold certification or payment ... unless evidence is submitted with the request or application that is sufficient to raise a reasonable question about the validity of the payment or payments under the determination or decision. We will not withhold certification of any amount of the payment or payments not in question. Your acceptance of any payment or payments will not affect your right to reconsideration, hearing or review about any additional payment or payments you claim. (Emphasis added).

The Secretary had no clear duty to stop payments to Mr. Stevon after the Appeals Council vacated the ALJ's decision. The regulation is permissive and it provides a mechanism for any dissatisfied party to request that the Secretary stop invalid payments. Mr. Daley did not request that the Secretary stop paying his client, Mr. Stevon, (a request which could not have been in Mr. Stevon's best interest). Even if he had made such a request, the Secretary had discretion to decide whether to continue making payments. Since the decision to continue the benefits payments pending the ALJ's findings on remand was discretion-

---

**2.** 42 ·U.S.C. § 423(c)(2) and 20 C.F.R. § 404.315(d) require a five-month waiting peri-od after a person becomes disabled before he or she is entitled to benefits.

ary, the Secretary's exercise of that discretion could not be "clearly illegal" or "arbitrary or capricious".

### 3. Notice of Continued Payment after Appeals Council Decision

Mr. Daley claims that he was entitled to, but did not receive notice of the fact that the Secretary was continuing to pay Mr. Stevon's benefits despite the Appeals Council's decision. Had he received notice, he maintains that he would have notified the Secretary that the payments were improper.

Mr. Daley has misinterpreted the law. He states that his decision to continue representation of his client was "based on the assumption that the Secretary had followed the law, stopped claimant's benefits, and an adequate amount of past-due benefits would then be available for payment of attorney fees." But the Secretary did not violate the law by continuing to make payments to Mr. Stevon. The regulations governing the discontinuation of benefit payments gave the Secretary discretion.

In any case, Mr. Daley did not have an absolute right to notice after the Appeal's Council decision. He cites 20 C.F.R. § 404.1730(c)(2)(i) to support his argument, but that regulation simply provides that once the Secretary has made a *favorable determination* as to a particular person's claim to benefits, the Secretary "will mail a written notice to the attorney and the claimant that unless the attorney files, within 20 days from the date of the notice, a written request for approval of a fee ... or ... for an extension of time, we will pay all past-due benefits to the claimant."

The Appeals Council's decision could hardly be termed "favorable". The Council vacated the ALJ's decision; it did not grant, or suggest that the ALJ on remand should grant further relief. What the Appeals Council did was hold that more evidence was required before any decision about Mr. Stevon's entitlement to benefits could be made. The Secretary apparently decided to maintain the status quo pending the ALJ's review of the evidence. Whether, after such a decision, the Secretary could have legitimately stopped paying benefits to Mr. Stevon until a final determination was reached is certainly arguable, but, as discussed above, the Secretary was not *obliged* to stop payments. All this is academic however; the decision was not "favorable" and Mr. Daley was not entitled to notice.

### 4. Whether the Interim Payments Were "Past–Due Benefits"

Finally, this court must address Mr. Daley's last argument; that the Secretary's payments to Mr. Stevon during the interim period after the Appeals Council's decision, but before the second ALJ decision were technically "past-due" benefits, and thus part of the "pot" from which Mr. Daley's fee should have been derived.[3] The SSA has defined "past-due benefits".

> "Past-due benefits" means the total amount of benefits payable under Title II of the Act to all beneficiaries that has accumulated because of a favorable administrative or judicial determination or decision, up to but not including the month the determination or decision is made.

The Secretary's regulations are quite clear that past-due benefits include only "the total amount of retroactive Social Security benefits *payable* [emphasis in original] to the beneficiary. The amount payable is the amount of retroactive benefits less the amount of any deductions, reductions, or overpayment applicable to the retroactive period." The interim payments were not "retroactive" and therefore cannot be construed as "past-due" benefits.[4] If this

---

**3.** The Secretary could, theoretically, have included the amount of benefits paid to Mr. Stevon during that interim period in the gross amount from which he deducted 25% for Mr. Daley's fee.

**4.** Mr. Daley cites two cases in support of his argument; *Gowen v. Bowen,* 855 F.2d 613 (8th Cir.1988) and *Marrero v. Secretary of Health and Human Services,* 693 F.Supp. 1307 (D.Puerto Rico 1987). However, both those cases are limited to rather narrow facts. The interim payments were made while the claimant's cases were being reevaluated in light of amendments to the medical guidelines made by the Disability

court were to allow Mr. Daley's petition and consider the interim payments as "past-due" it would undermine the clear Congressional goal of "ensuring that disability benefits are not consumed with attorney's fees." *Burnett v. Heckler*, 756 F.2d 621, 625 (8th Cir.1985).

## CONCLUSION

Mr. Daley's complaint for mandamus or declaratory judgment is dismissed; judgment is entered for the Defendant.

Amendments of 1984, P.L. 98–460. Mr. Stevon's case did not involve the 1984 Amendments, and is therefore not subject to the analysis used in the above cases. Furthermore, neither of those cases provide binding precedent for this court. This court has found no such decision from either the Seventh Circuit or another court sitting in the Northern District of Illinois.