Ernest W. LEE, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. 90–CV–72603.

United States District Court, E.D. Michigan, S.D.

June 28, 1991.

Ronald D. Honig, Southfield, Mich., for plaintiff.

Steven Markman, U.S. Atty., Elizabeth J. Larin, Asst. U.S. Atty., Detroit, Mich., for defendant.

## ORDER

JULIAN ABELE COOK, Jr., Chief Judge.

On March 27, 1991, this Court entered an Order which granted a summary judgment in favor of the Plaintiff, Ernest W. Lee, in the above entitled cause. On May 17, 1991, Lee filed a Petition to Obtain Approval of Attorney Fees. On May 23, 1991, the Defendant, Secretary of Health and Human Services, filed a response to Lee's Petition, which expressed no opposition to the requested relief.

Lee is requesting that a fee of $6,000 be paid to his counsel in this social security disability action. This fee is to be paid to Lee's counsel by the Ford Motor Company group insurance plan, pursuant to an agreement between the Ford Motor Company and the John Hancock Mutual Life Insurance Company. No fees are to be paid by the Government from any withheld benefits.

In addition to his Petition to Obtain Approval of Fees, Lee has filed a Motion for Declaratory Relief, in which he requests that this Court clarify whether it is necessary to file a Petition for Approval of a Fee under 42 U.S.C. section 406 when the fee will be paid by an insurance company or employer and not by the claimant.

■ This Court does not believe that the provisions of 42 U.S.C. § 406 apply in this matter since (1) the source of attorney fees in Lee's case is a private insurance policy, the premiums of which were paid by his employer, and (2) the attorney fees at issue will not be deducted from the benefits that Lee will receive from the Social Security Administration. Unlike the instant case, the attorney fees provision within the So-cial Security Act applies only to those cases in which the attorney fees are subtracted from the total amount due to the claimant.

■ The purpose of the Social Security Act, which provides for a discretionary award of attorneys' fees out of those past-due benefits that are recovered by a successful claimant in a social security action, is to limit the size of contingency fees paid by a client to an attorney while ensuring that every disabled individual receives adequate legal representation. The Congressional intent behind this statute was the belief that contingent fee arrangements in social security cases frequently resulted in an inordinate deprivation of benefits otherwise payable to the client, and to ensure that attorneys would receive a reasonable fee for the legal services performed. *Watford v. Heckler,* 765 F.2d 1562 (11th Cir. 1985), *Santos Rivera v. Secretary of Health and Human Services,* 674 F.Supp. 963 (D.Puerto Rico 1987).

Thus, for the reasons stated, this Court will decline to address the merits of Lee's request for declaratory relief.

IT IS SO ORDERED.