**Betty J. DeFOUR, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant.**

Civ. A. 91–74985.

United States District Court,
E.D. Michigan, S.D.

March 17, 1993.

Kenneth F. LaRitz, Warren, MI, for plaintiff.

Peter A. Caplan, Asst. U.S. Atty., E.D. Mich., S.D., Detroit, MI, for defendant.

---

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

### A.

This is a declaratory judgment action relating to the necessity of filing a petition for approval of attorney fees for work at the administrative level in a social security disability case when the fees are paid by a third party. 42 U.S.C. § 406(a). Plaintiff, Betty J. DeFour (DeFour) filed an application for social security disability benefits stating that she became disabled due to chronic asthma and breathing problems. Her application was denied initially and upon reconsideration. She requested an administrative hearing and the ALJ decided she was not disabled under the Social Security Act (the Act). The Appeals Council denied her request for review. DeFour filed an action for judicial review. Both DeFour and the Secretary of Health and Human Services (Secretary) filed motions for summary judgment. Upon referral, a magistrate judge reviewed the case and issued a Report and Recommendation recommending that the Secretary's motion be granted and DeFour's be denied. The Court adopted the magistrate judge's report and recommendation and, on May 13, 1992, issued a memorandum and order affirming the administrative law judge's finding of no disability.

### B.

Clifford Weisberg (Weisberg), an attorney, represented DeFour at the administrative level. His representation included preparation and the filing of a request for reconsideration and a request for hearing, attendance at the administrative hearing and appeal to the Appeals Council. Weisberg's representation of DeFour was pursuant to a contract between Weisberg and John Hancock Mutual Insurance Company (Hancock Insurance). That contract provided that Weisberg would be paid for his services at the administrative level regardless of the outcome. If Weisberg represented the claimant at the district court level he would only be compensated if he achieved a favorable outcome. Ford Motor Company Group Insurance Plan under an agreement between Ford Motor Company, Hancock Insurance, and the United Auto Workers was obligated to pay the fees and costs of the representation. Pursuant to his contract Weisberg was to receive a $1,000.00 fee for his work at the administrative level.

Weisberg signed the Department of Health and Human Services' (HHS) Appointment of Representative Form [1] on December 6, 1988 and agreed to waive his right to charge and collect a fee under 42 U.S.C. § 406. The waiver also released DeFour from any obligation that she might owe to him by virtue of his representation. On December 12, 1988, Weisberg signed another HHS Form [2] in which he again agreed to waive his right to charge and collect a fee from DeFour under 42 U.S.C. § 406.

DeFour asks the Court: (1) whether Weisberg must obtain approval of his fee for services rendered at the administrative level given that DeFour was denied disability benefits; (2) whether Weisberg must obtain approval of his fee when his fee was not contingent upon a successful outcome and when his fee will be paid by a third party, Hancock Insurance, and not by DeFour; and (3) if approval is required, to whom should Weisberg submit his petition, to the Court or to the Secretary? No objection is made by the Secretary as to the Court's jurisdiction.

At oral argument, the Court ordered the Secretary to provide a complete exposition of all forms, communications, and a historical explanation of the waiver of fee provision contained in HHS forms SSA–1696–U4 and SSA–1697–U3. The Court also ordered the Secretary to provide all directives and communications relative to the Secretary's policy of reviewing attorneys fees in a social security disability case. The Secretary has done so. Much of the materials were submitted for an *in camera* examination. DeFour did not object to such form of examination.[3]

---

1. Form SSA–1696–U4. (Appendix A).

2. Form SSA–L1697–U3. (Appendix B).

3. Nothing in the papers the Secretary provided for *in camera* examination affects the parties' rights. The papers only show careful consideration by the Secretary of its policy requiring fee approval by the Secretary.

## II.

### A.

Section 206(a) of the Social Security Act, 42 U.S.C. § 406(a), requires an attorney to petition the Social Security Administration in order to receive fees for services at the administrative level. That section also allows the Secretary to make rules and regulations "prescrib[ing] the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter and any agreement in violation of such rules and regulations shall be void." Pursuant to the rulemaking authority granted under 42 U.S.C. § 406(a), the Secretary enacted a regulation with respect to a representative's fee, 20 C.F.R. § 404.-1720(b), that provides in relevant part:

> (1) The representative must file a written request with us [the Social Security Administration] before he or she may charge or receive a fee for his or her services.
> (2) We [the Social Security Administration] decide the amount of the fee, if any, a representative may charge or receive.
> (3) A representative shall not charge or receive any fee unless we have approved it, and he or she shall not charge or receive any fee that is more than the amount we approve. This rule applies whether the fee is charged to or received from you or from someone else.

In 1985, the Social Security Administration issued Social Security Ruling 85–3 (SSR 85–3)[4] which allows payment of a representative's fees by a nonprofit or governmental agency without approval by the Secretary.

### B.

Weisberg contends that it is not necessary for him to petition the Secretary for approval to charge and receive payment from Hancock Insurance for his services in representing DeFour and he asks the Court for an order allowing him to charge and receive his fee from Hancock Insurance without filing a petition for approval. In support, Weisberg relies on *Lee v. Secretary of Health and Human Services*, 768 F.Supp. 604 (E.D.Mich. 1991). In that case, Lee filed a motion for declaratory relief asking the Court to "clarify whether it is necessary to file a petition for approval of a fee under 42 U.S.C. § 406 when the fee will be paid by an insurance company or employer and not by the claimant." *Id.* at 605. The Court held that a petition for approval of fees was not required as 42 U.S.C. § 406 did not apply to the case because "(1) the source of attorney's fees was a private insurance policy, the premiums of which were paid by Lee's employer, and (2) the attorney fees at issue would not be deducted from the benefits that Lee would receive from the Social Security Administration." *Id.* Further, the Court held that "the attorney fees provision within the Social Security Act applies only to those case in which the attorney fees are subtracted from the total amount due to the claimant." *Id.*

### C.

The Secretary contends that Weisberg is required to file a petition for approval of his fees for services rendered at the administrative level even though DeFour was denied disability benefits and Weisberg's fee was not contingent and will be paid by Hancock Insurance. In support, the Secretary cites the specific language of 20 C.F.R. § 404.1720(b) which requires Secretary approval of all representative's fees regardless of who actually pays the fee. The Secretary notes that the rationale behind the regulation is to protect claimants and beneficiaries from paying unreasonable attorney fees. When insurance companies and private employers become involved in the payment of fees, the Secretary says, a claimant may indirectly be liable for payment of some or all of the fees awarded. Such indirect costs may include, among other things, higher insurance premiums to maintain coverage. The institutions may also have a financial interest when an individual receives disability benefits. Further, the Secretary says that although an exception was created by SSR 85–3 for nonprofit agencies and governmental entities, other third party payors must receive fee approval from the Secretary because they cannot be assumed to be as beneficent as a nonprofit or governmental agency.

With respect to the decision in *Lee*, the Secretary points out that although the facts in *Lee* are quite similar to the facts here, the

---

4. Appendix C.

*Lee* court granted benefits to the claimant. More importantly, the *Lee* court failed to consider the applicability of 20 C.F.R. § 404.-1720(b) and therefore, *Lee* is distinguishable.

### D.

Weisberg replies that the Secretary's argument that government agencies have no financial interest in a claimant's receipt of benefits while an insurance company or employer does is false. Weisberg says that, by way of example, in a case involving the supplemental security income program for the aged, blind and disabled (SSI), the State of Michigan is authorized to make payment of a reasonable fee to a representative who successfully represents a person in obtaining benefits from SSA in a proceeding establishing retroactive benefits for that person. The amount of payment is to be based upon the State's receipt of reimbursed interim assistance. If the amount of reimbursed interim assistance is over $500.00 the reasonable fee will be $500.00 or 25% of the reimbursed interim assistance, whichever is greater. If the amount of reimbursed interim assistance is less than $500.00 then the fee will be the entire amount of the reimbursed interim assistance. Thus, Weisberg says, the State of Michigan has a financial interest when a person receives SSI benefits just as an insurance company does when a person receives disability benefits.

Weisberg also submits that DeFour will incur no liability in the payment of his fee as Hancock Insurance is under contract with him to pay a flat rate for the representation regardless of the outcome of the claim. In addition, Weisberg says that although there is a possibility that a claimant's insurance benefits would be reduced by the portion of social security disability benefits awarded by the SSA, it is likely that a claimant's insurance premiums would decrease since the insurance company is reducing the outflow of benefits pursuant to a contract with the insured. Weisberg says that since there is no real distinction between non-profits, governmental agencies, and for-profit insurance companies, he should not have to receive approval from the Secretary for his attorney fees.

### III.

Upon review of the parties' papers and the supplemental material provided by the Secretary, it is clear to the Court that the law requires the approval of a fee by the Secretary when the fee will be paid by a third party other than a nonprofit or governmental agency. Since Weisberg is to be paid by a for-profit third party, Hancock Insurance, pursuant to 20 C.F.R. § 404.1720(b), Weisberg must obtain the Secretary's approval prior to charging and receiving any fee from Hancock Insurance.[5] The Court is satisfied that the distinction the Secretary draws between nonprofit and governmental agencies and for-profit entities in justifying its requirement of fee approval in the case of for-profit entities is not offensive and was reached as a result of careful consideration by the Secretary. At this time, the Court sees no reason to set aside the regulations.

### IV.

For the reasons stated above, Weisberg must submit a petition for attorney fees to the Secretary for approval. The time for filing that petition will be extended for thirty days following the date of this decision.

SO ORDERED.

---

**5.** The Court finds *Lee* inapposite since the *Lee* court failed to take into account 20 C.F.R. § 404.1720(b).

## APPENDIX A

DEPARTMENT OF
**HEALTH AND HUMAN SERVICES**
SOCIAL SECURITY ADMINISTRATION

| NAME (Claimant) (Print or Type) | SOCIAL SECURITY NUMBER |
|---|---|
| Betty J. DeFour | 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 |

**Section I**        APPOINTMENT OF REPRESENTATIVE

I appoint this individual __Clifford L. Weisberg, 21650 W. 11 Mile, Sfld., MI 48076__
(Name and Address)

to act as my representative in connection with my claim or asserted right under:

| [XX] Title II (RSDI) | [ ] Title XVI (SSI) | [ ] Title IV FMSHA (Black Lung) | [ ] Title XVIII (Medicare Coverage) |
|---|---|---|---|

I authorize this individual to make or give any request or notice, to present or elicit evidence, to obtain information and to receive any notice in connection with my pending claim or asserted right wholly in my stead.

| SIGNATURE (Claimant) | ADDRESS 11026 Maxwell Warren, MI 48089 |
|---|---|
| TELEPHONE NUMBER (313) 757-2310 Area Code | DATE December 6, 1933 |

**Section II**        ACCEPTANCE OF APPOINTMENT

Clifford L. Weisberg
Attorney

I hereby accept the above appointment. I certify that I have not been suspended or prohibited from practice before the Social Security Administration, that I am not, as a current or former officer or employee of the United States, disqualified from acting as the claimant's representative and that I will not charge or receive any fee for the representation unless it has been authorized in accordance with the laws and regulations referred to on the reverse side hereof. In the event that I decide not to charge or collect a fee for the representation, I will (if the Social Security Administration completes Section III optional) satisfies this requirement)

I am also an ____Attorney____
(Attorney, union representative, relative or law student, etc.)

| SIGNATURE (Representative) Clifford L. Weisberg | ADDRESS 21650 W. 11 Mile Rd., Suite 202 Southfield, MI 48076 |
|---|---|
| TELEPHONE NUMBER (313) 353-4292 Area Code | DATE December 6, 1933 |

**Section III (Optional)**        WAIVER OF FEE

I waive my right to charge and collect a fee under Section 206 of the Social Security Act, and I release my client from any obligations, contractual or otherwise, which may be owed to me for services I have performed in connection with my client's claim or asserted right.

| SIGNATURE (Representative) | DATE December 6, 1988 |
|---|---|

WAIVER OF DIRECT PAYMENT

I waive my right to direct certification of a fee from the withheld past-due benefits of my client. I do NOT however waive my right to petition for and be authorized to charge and collect a fee directly from my client.

| SIGNATURE (Representative) | DATE |
|---|---|

Form SSA 1696 U4 (1-84)     (See Important Information on Reverse)     REPRESENTATIVE

APPENDIX B

# Notice To Representative Of Claimant Before
# The Social Security Administration

Date: **December 9, 1988**

Claimant: **Betty Jane DeFour**

Wage Earner: **Betty Jane DeFour**

Social Security Number: 373-28_9516

Clifford Weisberg
21659 W. 11 Mile Rd., Suite 202
Southfield, MI. 48076

We are informed that you have been appointed by the claimant to act as the representative in connection with this claim under the Social Security Act We will, therefore, be dealing directly with you on matters pertaining to this claim.

Under the law you are required. *after* your services as representative have ended. to petition the Social Security Administration (SSA) for approval of any fee that you wish to charge for your services. In evaluating a request for approval of a fee, providing a measure of economic security for the claimant and beneficiaries will be considered together with other pertinent factors such as kinds of service performed, time spent in rendering these services, the complexity of the matter, etc.

After SSA authorizes a fee, the representative must look to the claimant for payment, except where the representative is an attorney-at-law and there are past-due benefits payable under title II of the Social Security Act as a result of a favorable determination on the claim. In such cases, up to 25 percent of such past-due benefits can be paid directly to the attorney toward payment of the authorized fee. Such a payment may never exceed any amount that may have been agreed upon by the attorney and claimant as the fee for the attorney's services The law does not provide for such direct payment to attorneys for services rendered in connection with a claim for Supplemental Security Income payments

Enclosed for your convenience is Form SSA-1560-U4 which you will need to petition SSA for approval of the fee you may wish to charge. *The SSA-1560-U4 or a notice of intent to petition for a fee must be filed after all proceedings are complete and within 60 days of the notice of a favorable determination (20 CFR 404.1730(c)).* Fee-setting jurisdiction rests with the highest level of the administrative process to which the claim has risen, even if that component did not render the Secretary's final determination or decision. Further information and instructions for completion are given on the form itself.

If you wish to waive either a fee or direct payment of a fee by SSA and you have not already done so, you should send us a letter with an appropriate statement see below). Early filing of the waiver will enable us to prevent the automatic withholding of past-due benefits for a possible attorney fee

▶ WAIVER OF FEE — I waive my right to charge and collect a fee under Section 206 of the Social Security Act and I release my client (the claimant from any obligations, contractual or otherwise, which may be owed to me for services I have performed in connection with my client's claim or asserted right.

SIGNATURE Representative                                    DATE

▶ WAIVER OF DIRECT PAYMENT — I ONLY waive my right to direct certification of a fee from the withheld past-due benefits of my client (the claimant I do NOT, however waive my right to petition for and be authorized a fee and collect a fee directly from my client

SIGNATURE Representative                                    DATE

Enclosure Petition Form SSA-1560 U4

APPENDIX C

SECTIONS 206(a) AND 1631(d)(2) (42 U.S.C. 406(a) AND 1383(d)(2)) AND SECTION 413(b) OF THE FEDERAL MINE SAFETY AND HEALTH ACT OF 1977 (30 U.S.C. 923(b)) ATTORNEY FEES PAID BY A NON–PROFIT ORGANIZATION OR A GOVERNMENT AGENCY OUT OF FUNDS PROVIDED BY A GOVERNMENT ENTITY— FEE–SETTING REGULATIONS INAPPLICABLE

20 CFR 404.1720(b)(3), 410.686b(b) and 416.1520(b)(3)                    SSR 85–3

> Where a representative performs services for a title II, title XVI, or black lung claimant or beneficiary in proceedings before the Secretary, where the representative's fee for such services and any expenses are paid by a nonprofit organization or a government agency out of funds provided or administered by a government entity, and where the claimant or beneficiary incurs no liability, either directly or indirectly, for the cost of such services, including expenses (the representative having waived the right to charge or collect a fee and expenses from the claimant or beneficiary), *held,* the fee arrangement is not within the purview of the fee-setting regulations and, thus, the representative is not required to obtain the Social Security Administration's authorization of a fee.

A question has been raised as to whether an attorney who represents a claimant or beneficiary in connection with a claim before the Secretary of Health and Human Services (the Secretary) under title II or title XVI of the Social Security Act (or under part B of title IV of the Federal Mine Safety and Health Act of 1977), and whose fee for such representation is paid by a nonprofit organization out of funds provided by a government entity, must have his or her fee approved by the Social Security Administration (SSA). In the case presented, the claimant or beneficiary does not incur any direct or indirect cost for the representative's services. The representative's fee and expenses, if any, are paid entirely by a nonprofit organization from funds provided by a government agency.

Sections 206(a) and 1631(d)(2) of the Social Security Act, and section 413(b) of the Federal Mine Safety and Health Act of 1977, give the Secretary the authority to prescribe, by rule and regulation, the maximum fees a claimant's or beneficiary's representative (i.e., an attorney or other qualified representative) may charge for services performed in connection with any claim for retirement, survivors, or disability insurance; supplemental security income; or black lung benefits. The implementing regulations (20 CFR 404.1720, 410.686b and 416.1520) provide that a representative may not charge or receive a fee unless it is first approved by SSA, and further indicate that this rule applies whether the fee is charged to or paid by the claimant/beneficiary or someone else.

A prime purpose underlying the statutory grant of authority to the Secretary to set maximum fees, is to protect claimants and beneficiaries against unreasonable attorney fees. The implementing regulations are intended to carry out this statutory purpose. In the present case, the claimant or beneficiary incurs no liability, either directly or indirectly, for the cost of the representative's services. The risk that the individual may be charged an unreasonable fee is not present inasmuch as the representative's fee is paid entirely from funds administered by the State. Therefore, it is concluded that the fee arrangement in the present case, under which the attorney foregoes any right to charge or collect a fee and expenses from the claimant or beneficiary, is not within the purview of the regulations requiring that a representative's fee be approved by SSA; that is, the fee-setting regulations do not apply where all of the following conditions are met:

1. The claimant or beneficiary (including any auxiliaries) is free of any liability to pay a fee or any expenses, or any part thereof, directly or indirectly, to the representative or to someone else.

2. The entity which pays the fee and expenses incurred, if any, on behalf of the claimant(s) or beneficiary(ies) is a nonprofit organization or a Federal, State, county or city agency.
3. The payment of the fee and any expenses is made from funds provided or administered by a government entity.
4. The representative submits to SSA a written statement waiving the right to charge and collect a fee and expenses from the claimant or beneficiary.